[No. S085584. July 5, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
EDDIE VASQUEZ, Defendant and Appellant.

1226

COUNSEL

Susan S. Bauguess, under appointment by the Supreme Court, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, David C. Cook, Lance E. Winters, Marc E. Turchin and Jason C. Tran, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**WERDEGAR, J.**—Defendant Eddie Vasquez was civilly committed to the custody of the California Department of Mental Health under the Sexually Violent Predators Act (SVPA) (Welf. & Inst. Code, § 6600 et seq.). One of the criminal convictions qualifying defendant as a sexually violent predator (*id.*, § 6600, subd. (a)) was a Texas conviction for child sexual abuse that had been vacated, and charges dismissed, under a Texas probation statute similar to California Penal Code section 1203.4. The Court of Appeal held the vacated conviction could not be relied upon in an SVPA proceeding. We conclude the Court of Appeal erred in this regard.

BACKGROUND

The Los Angeles County District Attorney petitioned for defendant's commitment under the SVPA, alleging, inter alia, that defendant had been convicted in 1980 of violating Texas Penal Code former section 21.10, sexual abuse of a child. The prosecutor alleged that the Texas case, together with a 1983 conviction for violation of California Penal Code section 288, subdivision (a), demonstrated convictions for sexually violent offenses within the meaning of Welfare and Institutions Code section 6600, a finding required for defendant to be found a sexually violent predator within the meaning of section 6600, subdivision (a). (See *Hubbart v. Superior Court* (1999) 19 Cal.4th 1138, 1144-1145 [81 Cal.Rptr.2d 492, 969 P.2d 584].)

The record shows that defendant received a probationary sentence of five years for his 1980 Texas conviction. In 1986, however, the Texas prosecutor, citing defendant's subsequent conviction and 13-year state prison sentence in California, moved the District Court of Bell County, Texas, to terminate probation and vacate the conviction, on the grounds that "justice will no longer be served by retaining the Defendant on the roles [*sic*] of the Adult Probation Office of Bell County, Texas." The Texas court granted the

motion to dismiss probation, ordering that defendant's conviction be "set aside, the probation terminated, a new trial granted, and the indictment dismissed."

In this SVPA proceeding, the superior court overruled defendant's objection to use of the vacated Texas conviction, allowing the prosecutor to present evidence of that conviction to the jury. The jury found defendant was a sexually violent predator; the court thereupon sustained the petition and ordered defendant committed to the Department of Mental Health for two years.

The Court of Appeal reversed, holding that the absence in the SVPA of express language concerning vacated convictions mandated a conclusion that convictions dismissed under California Penal Code section 1203.4, or under an analogous foreign statute, could not be used as qualifying prior convictions.

We granted the People's petition for review.

### DISCUSSION

Article 42.12 of the Texas Code of Criminal Procedure provides that after a defendant has satisfactorily served a specified portion of a term of supervised release, the trial court may shorten and end the term and discharge the defendant. Under this procedure, the court "may set aside the verdict or permit the defendant to withdraw his plea, and shall dismiss" the accusatory pleading. (Tex. Code Crim. Proc., art. 42.12, § 20, subd. (a) (hereafter article 42.12(20)).) The defendant "shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted," except that the conviction shall be "made known to the judge" if the defendant is later convicted of another criminal offense, and the state may consider the conviction in issuing, denying, renewing or revoking child care facility licenses. (*Id.*, subd. (a)(1).)

A closely analogous California provision, Penal Code section 1203.4, subdivision (a), similarly allows for probationers to have their convictions set aside and the accusations against them dismissed, and similarly provides that, with specified exceptions, such a defendant "shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted."

The SVPA provides that a person may be deemed a "sexually violent predator" if the person "has been convicted" of specified offenses against

two or more victims and has a "diagnosed mental disorder" making him or her a danger to others in that he or she is likely to engage in sexually violent behavior. (Welf. & Inst. Code, § 6600, subd. (a).)

The question presented is whether a person "has been convicted" of an offense for purposes of Welfare and Institutions Code section 6600, subdivision (a), where the conviction has been set aside under article 42.12(20). That issue can be further analyzed into two questions: first, what change in status and effect does the Texas vacation procedure have on a conviction (a question of Texas law); and, second, does a conviction upon which that change has been worked qualify as a conviction under the SVPA (a question of California law). California Penal Code section 1203.4, and the case law interpreting it, are relevant only indirectly, in that they may be persuasive as to the meaning and effect of section 1203.4's Texas counterpart, article 42.12(20). (See Ops.Tex.Atty.Gen., No. MW-148 (Mar. 17, 1980) pp. 2-3 [relying on California decisions for interpretation of art. 42.12]; see also Comment, *Expungement in California: Legislative Neglect and Judicial Abuse of the Statutory Mitigation of Felony Convictions* (1977) 12 U.S.F. L.Rev. 155, 161 [Pen. Code, § 1203.4 is "the oldest and most litigated statute of its kind in the United States"].)

Looking first at Texas law, we observe that an order made under article 42.12(20) does not expunge from the record, or otherwise erase or render legally nonexistent, the probationer's criminal conviction. By the terms of article 42.12(20) itself, the conviction may be made known to the judge in future criminal proceedings and may be used in child care facility licensing. Texas courts, moreover, have held that a conviction set aside under article 42.12(20) may be used to deny an application for a concealed handgun license (*Tune v. Texas Dept. of Public Safety* (Tex. 2000) 23 S.W.3d 358, 362-364) and as a disqualification from jury service (*R.R.E. v. Glenn* (Tex.App. 1994) 884 S.W.2d 189, 192-193).[1] Similarly, the Texas Attorney General has opined that a former probationer whose conviction has been set aside under article 42.12(20) is barred from employment as a peace officer (Ops.Tex.Atty.Gen., No. MW-148, *supra*) and cannot truthfully state on an application for employment that he or she has never been convicted of a felony (Ops.Tex.Atty.Gen., No. M-640 (May 22, 1970)).

That a conviction has been set aside and charges dismissed under article 42.12(20), then, does not negate the existence of the conviction as a legally

---

[1]Texas law on the latter issue is, however, in conflict. (See contra, *Hoffman v. State* (Tex.App. 1996) 922 S.W.2d 663, 668-669.)

cognizable fact. "[S]ection 7[2] makes clear that its effect is merely to restore the civil rights of a convicted defendant, rather than to remove all evidence of the conviction. . . . [W]e do not believe that a convicted defendant's release from all penalties and disabilities under section 7 means that he no longer has a 'final conviction.'" (Ops.Tex.Atty.Gen., No. MW-148, *supra*, p. 2.)

In this regard, Texas law is in accord with that of California. "[Penal Code] section 1203.4 does not, properly speaking, 'expunge' the prior conviction. The statute does not purport to render the conviction a legal nullity. Instead, it provides that, except as elsewhere stated, the defendant is 'released from all penalties and disabilities resulting from the offense.' The limitations on this relief are numerous and substantial . . . ." (*People v. Frawley* (2000) 82 Cal.App.4th 784, 791 [98 Cal.Rptr.2d 555].) Thus, in holding that disbarment of an attorney could be based on a conviction set aside under Penal Code section 1203.4, we explained that "action in mitigation of the defendant's punishment should not affect the fact that his guilt has been finally determined according to law." (*In re Phillips* (1941) 17 Cal.2d 55, 61 [109 P.2d 344, 132 A.L.R. 644].) "That final judgment of conviction is a fact; and its effect cannot be nullified for the purpose here involved, either by the order of probation or by the later order dismissing the action after judgment." (*Ibid.*)

█ California decisions have established that the "penalties and disabilities" resulting from conviction, from which a probationer may be released pursuant to Penal Code section 1203.4, do not include nonpenal restrictions or qualifications imposed for public protection, such as licensing of attorneys (*In re Phillips*, *supra*, 17 Cal.2d at pp. 59-61), physicians (*Meyer v. Board of Medical Examiners* (1949) 34 Cal.2d 62, 64-67 [206 P.2d 1085]), and vendors of alcoholic beverages (*Copeland v. Dept. of Alcoholic Bev. Control* (1966) 241 Cal.App.2d 186, 188 [50 Cal.Rptr. 452]); qualification for employment as a peace officer (*Adams v. County of Sacramento* (1991) 235 Cal.App.3d 872, 877-881 [1 Cal.Rptr.2d 138]); and the regulation of participants in parimutuel wagering (*Epstein v. California Horse Racing Board* (1963) 222 Cal.App.2d 831, 836-841 [35 Cal.Rptr. 642]).

Our courts have drawn a distinction between penalties imposed on a felon as further punishment for the crime, as to which vacation under Penal Code section 1203.4 generally affords relief, and nonpenal restrictions adopted for protection of public safety and welfare. "As used in section 1203.4 of the

---

[2]Texas Code of Criminal Procedure article 42.12, former section 7 was subsequently repealed and recodified as article 42.12(20). (See *Tune v. Texas Dept. of Public Safety*, *supra*, 23 S.W.3d at p. 363, fn. 25.)

Penal Code the words 'penalties and disabilities' have reference to criminal penalties and disabilities or to matters of a kindred nature. But the disciplining of licensees such as the petitioners herein is for the protection of the public in the exercise of the police power and not for the purpose of punishing any licensee." (*Copeland v. Dept. of Alcoholic Bev. Control, supra,* 241 Cal.App.2d at p. 188.)[3]

Although the Texas courts interpreting article 42.12(20) do not appear to have addressed this distinction, the Texas Attorney General relied on it in reaching his opinion that a felon's state certification as a peace officer could be revoked as a result of a conviction that had been set aside under the Texas law. (Ops.Tex.Atty.Gen., No. MW-148, *supra,* pp. 2-3; see *id.* at p. 3 [quoting *Copeland v. Dept. of Alcoholic Bev. Control, supra,* 241 Cal.App.2d at p. 188, on the distinction between penal measures and protective licensing restrictions].) The Texas courts give the opinions of the state's Attorney General "great weight unless clearly wrong. *San Antonio Union Junior College Dist. v. Daniel,* 146 Tex. 241, 206 S.W.2d 995, 998 (1947) . . . ." (*Smith v. Panorama Country Club* (Tex.App. 1976) 538 S.W.2d 268, 270.) Moreover, as noted above, article 42.12(20), like Penal Code section 1203.4, does not expunge or erase a person's felony conviction from the record, but only restores to the person certain civil rights lost as a result of the conviction. ■ We believe, therefore, that under the "penalties and disabilities" clause of article 42.12(20), as under the parallel clause of California Penal Code section 1203.4, a conviction set aside upon completion of probation may nonetheless support invocation of civil restrictions that are imposed for the public's protection rather than as punishment of the individual.

Turning to the SVPA, we observe that Welfare and Institutions Code section 6600, subdivision (a) requires only that the defendant "has been convicted" of sexually violent offenses against two or more victims. As we have seen, an order setting aside a conviction under article 42.12(20) does not completely negate the conviction's legal existence or cognizability. Defendant *has been convicted* of the Texas offense, though his punishment for it was mitigated under article 42.12(20).

■ The SVPA, moreover, is protective rather than punitive in its intent. As we observed in *Hubbart v. Superior Court,* in enacting the SVPA "the

---

[3]See also *Epstein v. California Horse Racing Board, supra,* 222 Cal.App.2d at pages 840-841 ("Hence, the use of *the fact* of respondent's conviction by the racing board in determining his right to such access was not designed to *punish* the respondent further but rather to keep the regulated activity 'clean and wholesome' in the public interest"); *Adams v. County of Sacramento, supra,* 235 Cal.App.3d at page 881 (Pen. Code, § 1203.4 does not apply to rules precluding felons from certain employments, "intended for the protection of the public, not as further punishment of the convicted felon").

Legislature disavowed any 'punitive purpose[ ],' and declared its intent to establish 'civil commitment' proceedings in order to provide 'treatment' to mentally disordered individuals who cannot control sexually violent criminal behavior. (See, e.g., Stats. 1995, ch. 763, § 1; Sen. Com. on Crim. Procedure, Analysis of Assem. Bill No. 888 (1995-1996 Reg. Sess.) July 11, 1995.) The Legislature also made clear that, despite their criminal record, persons eligible for commitment and treatment as SVP's are to be viewed 'not as criminals, but as sick persons.' ([Welf. & Inst. Code,] § 6250.) Consistent with these remarks, the SVPA was placed in the Welfare and Institutions Code, surrounded on each side by other schemes concerned with the care and treatment of various mentally ill and disabled groups. (See, e.g., §§ 5000 [LPS Act], 6500 [Mentally Retarded Persons Law].)" (*Hubbart v. Superior Court, supra*, 19 Cal.4th at p. 1171 (*Hubbart*).)

Comparing the SVPA to the similar Kansas law found constitutional in *Kansas v. Hendricks* (1997) 521 U.S. 346 [117 S.Ct. 2072, 138 L.Ed.2d 501] (*Hendricks*), we further noted in *Hubbart* that the *Hendricks* court "found that the Kansas Legislature intended a nonpenal 'civil commitment scheme designed to protect the public from harm.' ([*Hendricks*] at p. 361 [117 S.Ct. at p. 2082].) Viewing the legislative record as a whole, we reach a similar conclusion here." (*Hubbart, supra*, 19 Cal.4th at p. 1172.)

In *Hubbart*, finally, we explained that prior convictions for sexually violent conduct serve, under the SVPA, as evidence of the conduct resulting from the defendant's mental disorder rather than as predicates for further penal sanction: "[T]he SVPA does not 'affix culpability' or seek 'retribution' for criminal conduct. ([*Hendricks, supra*,] 521 U.S. at p. 362 [117 S.Ct. at p. 2082].) Here, as in *Hendricks*, prior sexually violent offenses are used 'solely for evidentiary purposes' to help establish the main prerequisites upon which civil commitment is based—current mental disorder and the likelihood of future violent sex crimes. (*Ibid.*) To ensure that commitment occurs only under these circumstances, the SVPA requires that the jury be specially instructed about the limited evidentiary role of prior violent sex crimes. ([Welf. & Inst. Code,] § 6600, subd. (a).) Under these circumstances, the SVPA does not impose liability or punishment for criminal conduct . . . ." (*Hubbart, supra*, 19 Cal.4th at p. 1175.)

■ As we have seen, an order setting aside a conviction under article 42.12(20) does not preclude the conviction's use to invoke civil restrictions imposed for public protection rather than as punishment. The use of defendant's Texas conviction under the SVPA clearly meets that description. We conclude, therefore, that its use was not precluded by the Texas court's order relieving defendant from the "penalties and disabilities" resulting from his conviction.

Defendant argues that because an SVPA commitment involves the loss of liberty rather than the denial, suspension or revocation of a license, the public protection analysis developed in such licensing cases as *In re Phillips*, *supra*, 17 Cal.2d 55, and *Meyer v. Board of Medical Examiners*, *supra*, 34 Cal.2d 62, does not apply. We agree that the two kinds of consequences differ qualitatively. Nevertheless, SVPA commitment has this in common with professional license loss or denial following felony conviction: both types of measures seek to protect others from the possibility of the felon's or former felon's future harmful conduct, rather than to punish him or her for past crimes. Neither consequence, therefore, comes within the provisions for mitigation of punishment offered by article 42.12(20) and Penal Code section 1203.4.

Like the Court of Appeal, defendant relies on the SVPA's silence regarding convictions set aside under Penal Code section 1203.4 or similar laws of other states. We find no support for defendant's position in the statutory language. Welfare and Institutions Code section 6600, subdivision (b) provides that sexually violent offenses are specified crimes that "result in a conviction or a finding of not guilty by reason of insanity, as provided in subdivision (a)." In 1998, at the time of defendant's SVPA trial and commitment, subdivision (a) required that the criminal proceeding have resulted in a conviction and determinate sentence *or* one of the following: a conviction prior to July 1, 1977 (the operative date of the determinate sentencing law); a finding of not guilty by reason of insanity; a conviction in another state for an offense including all the elements of a listed crime.[4] (Welf. & Inst. Code, § 6600, subd. (a), as amended by Stats. 1996, ch. 462, § 4.) The Texas criminal proceeding at issue here undisputedly "result[ed] in a conviction" (Welf. & Inst. Code, § 6600, subd. (b)) for an offense in another state containing all the elements of a listed California offense (*id.*, subd. (a)); the parties so stipulated. Nothing in Welfare and Institutions Code section 6600 suggests that a prior out-of-state judgment's status as a sexually violent offense depends on whether the defendant served a prison sentence or received probation in lieu of such service, much less on the completion or noncompletion of any probationary term. That Welfare and Institutions Code section 6600, subdivision (a) does not address the various possible punitive outcomes of an out-of-state conviction cannot be taken as limiting the statute's application to certain of these possible punishments.[5]

---

[4]Subdivision (a) of Welfare and Institutions Code section 6600 was subsequently rewritten (Stats. 2000, ch. 643, § 1) to expressly provide, in paragraph (2)(E), that a conviction of a listed offense "for which the inmate received a grant of probation" qualified as a conviction for a sexually violent offense.

[5]Even as to California convictions, we do not interpret the former requirement that the defendant have "received a determinate sentence" (Welf. & Inst. Code, former § 6600, subd.

Finally, defendant cites *People v. Terry* (1964) 61 Cal.2d 137, 147-148 [37 Cal.Rptr. 605, 390 P.2d 381], in which we held that evidence of an Oklahoma robbery conviction for which the defendant had been pardoned in that state was inadmissible in the penalty phase of a California capital murder trial. Our conclusion in that case, however, rested on California's obligations under the full faith and credit clause of the federal Constitution (art. IV, § 1) to give the Oklahoma pardon order the same effect it would have in Oklahoma, and on Oklahoma case law establishing that a pardon " ' "blots out" ' " and " ' "obliterates" ' " the legal existence of the offense, transforming the defendant legally into "a person not convicted of crime." (*People v. Terry*, at p. 148.) As shown above, vacation pursuant to article 42.10(20) has no comparable effect under Texas law. An order under that provision restores civil rights to the defendant, but does not negate the legal cognizability of his or her conviction.

For the above reasons, we conclude the trial court did not err in admitting evidence of defendant's Texas conviction for sexual abuse of a child.

### DISPOSITION

The judgment of the Court of Appeal is reversed.

George, C. J., Kennard, J., Baxter, J., Chin, J., and Brown, J., concurred.

---

(a)) for a post-July 1977 offense as implying a requirement that the defendant have *served* a term in state prison. Receipt of a determinate sentence does not necessarily imply service of such a sentence, as the execution of sentence may be stayed and probation granted. (See Pen. Code, § 1203.1, subd. (a).) Welfare and Institutions Code section 6600 thus does not necessarily exclude such probationary dispositions, including those for which relief was later granted under Penal Code section 1203.4.