Filed 7/27/15

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C076635 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 97F07782, 97F07859) |
| v. | |
| RICKEY GLENN GROSS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Sacramento County, Michael A. Savage, Judge.  Affirmed.

Pamela R. Elliott, Retained Counsel for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Eric Christoffersen and Jennevee H. de Guzman, Deputy Attorneys General, for Plaintiff and Respondent.

Under former Welfare and Institutions Code section 3200, a trial court could dismiss the criminal charges against a defendant who successfully completed a

1

commitment to the California Rehabilitation Center (CRC) and the dismissal had (with one exception not applicable here) "the same force and effect as a dismissal under Section 1203.4 of the Penal Code."[1]  (Former Welf. & Inst. Code, §3200, subd. (b); see *People v. Rodriguez* (1966) 243 Cal.App.2d 522, 527.)  When an accusation or information is dismissed under section 1203.4, the defendant is, with certain exceptions, "released from all penalties and disabilities resulting from the offense of which he or she has been convicted."  (§ 1203.4, subd. (a)(1).)

In this case, defendant Rickey Glenn Gross contends the dismissal of the criminal charges against him pursuant to former section 3200 following his successful completion of a CRC commitment operated to release him from the obligation to pay restitution to the victims of his crimes because direct victim restitution "qualifies as a 'penalty and disability' pursuant to . . . section 1203.4."  We disagree.  The obligation to make a victim whole through direct victim restitution is a constitutional mandate that serves to protect public safety and welfare, rather than to punish the defendant, and thus it is not a penalty or disability from which a defendant is released upon the dismissal of criminal charges pursuant to former section 3200 or section 1203.4.  Accordingly, we affirm.

### BACKGROUND

In 1998, defendant pled guilty to two counts of second degree burglary and possession of a destructive device in Sacramento County Superior Court cases Nos. 97F07570, 97F07782 (hereafter case No. 782) and 97F07859 (hereafter case No. 859).  The trial court sentenced defendant to an aggregate term of five years four months in state prison but suspended execution of defendant's sentence and committed him to the CRC.

---

[1]  Welfare and Institutions Code section 3200 was repealed effective January 1, 2015.  (See Stats. 2012, ch. 41, § 119.)  We will refer to that statute as former section 3200.  Otherwise, however, all undesignated section references are to the Penal Code.

2

At sentencing, the trial court ordered defendant to pay various fines and fees as well as direct restitution to his victims. To his victims, the trial court ordered defendant to pay $14,230 in case No. 859, $31,083.92 in case No. 782, and a total of $34,826.59 in several cases dismissed with *Harvey*[2] waivers (Sacramento County Superior Court cases Nos. "97/53823," "97/76959," and "97/70929").[3] In sum, the trial court ordered defendant to pay $80.140.51 in direct restitution to his victims.

In 2001, after defendant successfully completed his CRC commitment, the trial court reinstated the criminal proceedings and dismissed the charges pursuant to former section 3200.

Years later, on September 24, 2013, defendant received a "Demand for Payment - Court-Ordered Debt Collections" from the Franchise Tax Board, advising defendant that he was delinquent in paying the direct restitution ordered by the court in cases Nos. 859

---

[2]     *People v. Harvey* (1979) 25 Cal.3d 754.

[3]     We note there are some discrepancies in the record on appeal with regard to the amount of direct restitution ordered: The court reporter's transcript indicates that in case No. 859, the trial court ordered defendant to pay $14,230 to his victim. This is consistent with the recommended amount of restitution contained in the probation report. The "Chronological History" in the clerk's transcript, however, list the amount ordered at $14,230.69.

The court reporter's transcript also indicates that in case No. 782, the trial court ordered defendant to pay $31,083.92 in direct restitution. This is consistent with the amount of restitution recommended by the probation department. The "Chronological History" and minute order, however, list the amount ordered at $31,503.92.

We conclude the amount of restitution ordered is that listed in the court reporter's transcript because " '[r]endition of judgment is an oral pronouncement.' " (*People v. Mesa* (1975) 14 Cal.3d 466, 471, citing *People v. Hartsell* (1973) 34 Cal.App.3d 8, 14.) "Entering the judgment in the minutes being a clerical function [citation], a discrepancy between the judgment as orally pronounced and as entered in the minutes is presumably the result of clerical error." (*Mesa*, at p. 471.)

3

and 782, now totaling $59,185.97.[4]  Soon thereafter, defendant filed and served a "NOTICE AND MOTION TO BE RELIEVED OF RESTITUTION OBLIGATION AND FOR REFUND OF FUNDS COLLECTED CONTRARY TO WELFARE & INSTITUTIONS CODE SECTION 3200 AND PENAL CODE SECTION 1203.4."

On April 21, 2014, the trial court heard defendant's motion.  After hearing argument from defendant's counsel, the trial court ruled as follows:  "Both the California Constitution and statutes show that victim restitution was intended to remain in effect well beyond the conclusion of criminal cases, and there's no indication, in my view, that relief under 1203.4 was ever, ever, intended to impair the right of a criminal victim to restitution that had previously been ordered.  In this case, there are 11 victims, including all the *Harvey* waived counts.

"Dismissing a case following a completion of a CRC program which would release liability for a continuing victim restitution obligation would not, in any way, have been in the interest of justice.  That is required.

"So, for all those reasons, I'm going to deny your motion to relieve [defendant] of his restitution obligation."

Defendant appeals from that order.

DISCUSSION

Defendant contends the trial court erred in denying his motion because "when [the criminal charges against him were] dismissed pursuant to [former] section 3200," "he was statutorily released" from the obligation to pay direct victim restitution because that obligation "qualifies as a 'penalty and disability' pursuant to . . . section 1203.4."  We disagree.

---

[4]  It is not clear from the record why the Franchise Tax Board did not include in its demand the trial court's order for restitution in the cases dismissed with *Harvey* waivers, totaling $34,826.59.

4

# I

## *The Victims' Bill Of Rights*

Article I, section 28 of the California Constitution, as amended by Proposition 9, the Victims' Bill of Rights Act of 2008, known as Marsy's Law, provides for a broad spectrum of victims' rights, including restitution. Article I, section 28, subdivision (b)(13) of the California Constitution, states that: "[i]t is the unequivocal intention of the People of the State of California that all persons who suffer losses as a result of criminal activity shall have the right to seek and secure restitution from the persons convicted of the crimes causing the losses they suffer. [¶] Restitution shall be ordered from the convicted wrongdoer in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss."

A victim's right to restitution is, therefore, a constitutional one; it cannot be bargained away or limited, nor can the prosecution waive the victim's right to receive restitution. (See *People v. Valdez* (1994) 24 Cal.App.4th 1194, 1202-1203; accord *People v. Brown* (2007) 147 Cal.App.4th 1213, 1226 ["Victim restitution cannot be bargained away by the People"].) Moreover, "[a] sentence without an award of victim restitution is invalid." (*Brown*, at p. 1225; *People v. Bernal* (2002) 101 Cal.App.4th 155, 164-165; *People v. Rowland* (1997) 51 Cal.App.4th 1745, 1750-1752.) Indeed, on the motion of a victim, a court may at any time correct a sentence that is rendered invalid due to the omission of a restitution order. (§ 1202.46.)

The constitutional provision for victim restitution, however, is not self-executing. Accordingly, the Legislature has enacted implementing legislation. (*People v. Giordano* (2007) 42 Cal.4th 644, 652.) Section 1202.4 authorizes the imposition of restitution

5

fines, which support a fund that compensates victims, and direct restitution payments to victims. (§ 1202.4, subds. (e), (f).)[5]

## II

### *Former Section 3200 And Section 1203.4*

Former section 3200 provided in relevant part as follows: "If at any time the director is of the opinion that a person committed for a period of 24 months, or less, pursuant to Article 2 . . . while in outpatient status has abstained from the use of narcotics, other than as medically prescribed in a narcotic treatment program . . . , for at least 12 consecutive months and has otherwise complied with the conditions of his or her release, or if at any time the director is of the opinion that a person committed for a period of more than 24 months pursuant to Article 2 . . . while in outpatient status has abstained from the use of narcotics, other than as medically prescribed in a narcotic treatment program . . . , for at least 16 consecutive months and has otherwise complied with the conditions of his or her release, the director shall so advise the Narcotic Addict Evaluation Authority. If the authority concurs in the opinion of the director, it shall file with the superior court of the county in which the person was committed a certificate alleging those facts and recommending to the court the discharge of the person from the program. The authority shall serve a copy of the certificate upon the district attorney of the county. Upon the filing of the certificate, the court shall discharge the person from the program. The court may unless otherwise prohibited by law, modify the sentence, dismiss the criminal charges of which the person was convicted, or suspend further

---

[5]  Prior to the approval of Marsy's Law by the voters in 2008, article I, section 28, subdivision (b) of the California Constitution, enacted by the voters in Proposition 9, mandated that "[r]estitution shall be ordered from the convicted persons in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss, *unless compelling and extraordinary reasons exist to the contrary*." (Former Cal. Const., art. I, § 28, subd. (b), as adopted June 8, 1982, italics added.) Marsy's law removed that discretion.

proceedings, as it deems warranted in the interests of justice. . . . The dismissal shall have the same force and effect as a dismissal under Section 1203.4 of the Penal Code, except the conviction is a prior conviction for purposes of Division 10 . . . of the Health and Safety Code."

In relevant part, subdivision (a)(1) of section 1203.4 provides as follows: "In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if he or she is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty; or, if he or she has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and, in either case, the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, he or she shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted, except as provided in Section 13555 of the Vehicle Code."

III

*An Order For Direct Restitution Implements The*

*Constitutional Mandate To Make Victims Whole, And This Is An*

*Obligation From Which A Defendant Is Not Released Under Section 1203.4*

As we have noted, defendant contends the trial court's orders for direct restitution here were a "penalty and disability," from which he was statutorily released when his cases were dismissed under former section 3200. We are not persuaded.

Generally, " 'section 1203.4 does not, properly speaking, "expunge" the prior conviction. The statute does not purport to render the conviction a legal nullity. Instead,

7

it provides that, except as elsewhere stated, the defendant is "released from all penalties and disabilities resulting from the offense." The limitations on this relief are numerous and substantial . . . .' " (*People v. Vasquez* (2001) 25 Cal.4th 1225, 1230, quoting *People v. Frawley* (2000) 82 Cal.App.4th 784, 791.)

These limitations arise from "a distinction between penalties imposed . . . as further punishment for the crime, as to which vacation under . . . section 1203.4 generally affords relief, and nonpenal restrictions adopted for the protection of public safety and welfare." (*People v. Vasquez*, *supra*, 25 Cal.4th at p. 1230.) Thus, California courts have consistently upheld the denial of professional licenses due to a conviction following dismissals under section 1203.4. (*Adams v. County of Sacramento* (1991) 235 Cal.App.3d 872, 880 [discussing cases].) Underlying these decisions is the rationale that while section 1203.4 may operate to free the convicted defendant from penalties and disabilities "of a criminal or like nature," it does not "obliterate *the fact* that the defendant has been 'finally adjudged guilty of a crime' " for purposes of protecting public welfare. (*Adams*, at pp. 877-881, quoting *In re Phillips* (1941) 17 Cal.2d 55, 61.)

Moreover, numerous statutes impose continuing liabilities upon persons who have obtained a dismissal pursuant to section 1203.4. (*People v. Frawley*, *supra*, 82 Cal.App.4th at pp. 791-792.) Section 1203.4, subdivision (a)(1) itself places several limitations on the relief it offers, including that "in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed." Other statutes also expressly provide that a dismissal under section 1203.4 does not limit the consequences of a conviction. (E.g., Evid. Code, § 788, subd. (c) [defendant may be impeached with prior conviction, notwithstanding dismissal under § 1203.4]; Veh. Code, § 13555 [dismissal under § 1203.4 does not affect revocation or suspension of driver's license due to conviction]; see *Frawley*, at p. 792 [discussing statutes and case law].)

8

A statute also may impose a continuing liability upon a person who has obtained a dismissal under section 1203.4, even though the statute does not contain an express provision to this effect. In *Vasquez*, the defendant suffered a conviction in Texas for sexually abusing a child and obtained a dismissal of the action under a Texas statute that closely resembled section 1203.4. (*People v. Vasquez, supra*, 25 Cal.4th at p. 1227.) In California, he was civilly committed pursuant to the Sexually Violent Predators Act (SVPA) (Welf. & Inst. Code, § 6600 et seq.) on the basis of his convictions, including the Texas conviction. (*Vasquez*, at pp. 1227-1228.) Our Supreme Court affirmed the judgment, concluding that although the SVPA does not expressly state that convictions set aside under section 1203.4 provide a basis for commitment, the defendant's commitment properly relied on the Texas conviction, as the SVPA is intended to protect the public, rather than to impose additional punishment. (*Vasquez*, at pp. 1230-1234.)

We reach a similar conclusion here. Although the constitutional provision and statutory scheme governing victim restitution do not refer to section 1203.4, the constitutional provision is unequivocal in its declaration that "all persons who suffer losses as a result of criminal activity shall have the right to seek and secure restitution . . . [¶] . . . [¶] . . . *regardless of the sentence or disposition imposed . . . .*" (Cal. Const., art. I, § 28, subd. (b)(13), italics added.) This language, on its face, discloses the voters' intent to establish a continuing right to restitution following the disposition of a criminal proceeding. Although a dismissal under section 1203.4 relieves a defendant of some of the consequences of a criminal conviction, the dismissal does not itself extinguish the facts underlying the conviction, including the harm to the victims and thus the defendant is properly held liable for such harm.

In support of his argument on appeal, defendant relies on the decision of the Second Division of the Fourth Appellate District Court of Appeal in *People v. Guillen* (2013) 218 Cal.App.4th 975. His reliance is misplaced. In *Guillen*, the court considered only whether *restitution fines* were a penalty or disability from which a defendant could

9

be relieved under section 1203.4.  (*Guillen*, at pp. 982, 1003-1004.)  The court did not consider an order for direct victim restitution.  (*Id.* at p. 985.)  "[A]n opinion is not authority for a proposition not therein considered."  (*Ginns v. Savage* (1964) 61 Cal.2d 520, 524, fn. 2.)

Moreover, even if defendant relies on *Guillen* only by analogy, that reliance is misplaced because defendant ignores a critical distinction between restitution fines and direct victim restitution:  restitution fines are punitive in nature; direct victim restitution is not.  (*People v. Harvest* (2000) 84 Cal.App.4th 641, 646-647; *People v. Hanson* (2000) 23 Cal.4th 355, 362.)  "The purpose of direct victim restitution . . . is to reimburse the victim for economic losses caused by the defendant's criminal conduct, i.e., to make the victim reasonably whole.  [Citations.]  Secondary goals of direct restitution include rehabilitation of the defendant and deterrence of future criminality."  (*People v. Guillen*, *supra*, 218 Cal.App.4th at p. 984.)  Thus, unlike restitution fines, direct victim restitution is imposed to protect public safety and welfare, not to punish the defendant, and thus under the authorities we have previously discussed, the obligation to make restitution to the victims does not qualify as a penalty or disability from which a defendant is relieved by a dismissal under former section 3200 or section 1203.4.[6]

---

[6]     Because this case involves a dismissal under former section 3200, rather than a dismissal under section 1203.4, we have no occasion to consider whether it would even be lawful to dismiss an accusation or information under section 1203.4 when an order for direct victim restitution remained unsatisfied.  Certainly if a trial court had exercised its discretion to make direct victim restitution *a condition of probation* (see § 1203.1, subd. (b)), dismissal would not be lawful under the first option in subdivision (a)(1) of section 1203.4 because the defendant would not have "fulfilled the conditions of probation for the entire period of probation."  (§ 1203.4, subd. (a)(1).)  Whether dismissal might be lawful in other circumstances, i.e., when the obligation to pay direct victim restitution was *not* imposed as a condition of probation, or when dismissal was sought under one of the two other options in subdivision (a)(1) of section 1203.4 (discharge from probation prior to the termination of the probationary period or in the court's discretion and the interests of justice) -- is beyond the scope of our opinion in this case.  For our

10

DISPOSITION

The trial court's order is affirmed.


        ROBIE       ,

Acting P. J.


We concur:


    MURRAY    , J.


    HOCH    , J.

---

purposes, it is sufficient to conclude that a dismissal otherwise lawfully made under former section 3200 or section 1203.4 does not operate to relieve the defendant from the obligation to make direct victim restitution.

11