Filed 6/24/20

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>E.B.,<br><br>    Defendant and Appellant. | H046693<br>(Santa Clara County<br>Super. Ct. No. 184646) |


Appellant E.B.[1] appeals from the superior court's order denying his petition to seal his arrest records (Pen. Code, § 851.91).[2] He argues that the court misinterpreted section 851.91, and that based on having obtained section 1203.4 relief, he is entitled to have his arrest records sealed as a matter of right. We disagree and affirm the order.

---

[1]    Rule 8.90(b) of the California Rules of Court directs us to "consider referring to" certain individuals "by first name and last initial, or, if the first name is unusual or other circumstances would defeat the objection of anonymity, by initials only," in order to protect those individuals' privacy. The list of people to whom this rule applies includes "[p]ersons in other circumstances in which personal privacy interests support not using the person's name . . . ." (Cal. Rules of Court, rule 8.90(b)(10).) In this opinion, we refer to appellant by his first and last initials, given that the sole purpose of this appeal is to attempt to vindicate a statutory privacy right.

[2]    Subsequent statutory references are to the Penal Code unless otherwise specified.

## I. Background

On November 16, 1995, appellant pleaded guilty to a single count of oral copulation with a minor (former § 288a, subd. (b)(1)).[3] He successfully completed his probation. In July 2011, he sought relief under section 1203.4, and the superior court permitted appellant to withdraw his guilty plea and dismissed the complaint. In January 2018, the court granted appellant a certificate of rehabilitation. The court later granted appellant's motion to reduce the offense to a misdemeanor, and appellant was removed from the sex offender registry by the California Department of Justice.

In July 2018, appellant filed a petition to seal his arrest records under section 851.91. In December 2018, the superior court denied the petition, finding that appellant's dismissal under section 1203.4 did not satisfy the requirements necessary to obtain section 851.91 relief: "So I don't think . . . that [section] 851.91 is appropriate in this situation. I think that the language is not crafted as well as it could have been. [¶] I take the vacation, the use of the word vacate to mean on appeal, or in conjunction with the next phrase, appeal. [¶] So I don't think it is appropriate in this situation. I don't think [section] 1203.4 constitutes a vacation of conviction as contemplated by the legislature for the [section] 851.91."

## II. Discussion

### A. Legal Framework

#### 1. Standard of Review

The issue that appellant raises on appeal is solely one of statutory construction. We exercise de novo review when we engage in statutory construction. (*John v. Superior Court* (2016) 63 Cal.4th 91, 95-96.) "Statutory construction begins with the plain,

---

[3] Effective January 1, 2019, section 288a was amended and renumbered as section 287. (Stats. 2018, ch. 423, § 49.)

commonsense meaning of the words in the statute, ' "because it is generally the most reliable indicator of legislative intent and purpose." ' [Citation.]" (*People v. Manzo* (2012) 53 Cal.4th 880, 885 (*Manzo*).) Generally, we first look to the language of the statute, giving the individual words "their 'usual and ordinary meanings.'. . . ." (*People v. Lawrence* (2000) 24 Cal.4th 219, 230-231.) " 'When the language of a statute is clear, we need go no further.' " (*Manzo*, at p. 885.) "We do not, however, consider the statutory language 'in isolation.' " (*People v. Murphy* (2001) 25 Cal.4th 136, 142.) "We must harmonize 'the various parts of a statutory enactment . . . by considering the particular clause or section in the context of the statutory framework as a whole.' " (*Ibid.*)

## 2. Section 851.91

Effective January 1, 2018, Senate Bill No. 393 (2017-2018 Reg. Sess.) (the Consumer Arrest Record Equity (CARE) Act) added sections 851.91 and 851.92 to the Penal Code. Under prior law, a defendant who completed a specified diversion program or a specified deferred entry of judgment program could petition the superior court to seal his or her arrest records. (Stats. 2017, ch. 680.) The CARE Act changed the law to allow "a person who has suffered an arrest that did not result in a conviction . . . to petition the court to have his or her arrest [records] sealed."[4] (Stats. 2017, ch. 680.)

Section 851.91, subdivision (a) provides: "A person who has suffered an arrest that did not result in a conviction may petition the court to have his or her arrest and related records sealed" in accordance with the procedures outlined in section 851.92. The petition "may be granted as a matter of right or in the interests of justice." (§ 851.91, subd. (c).) A petitioner "is entitled to have his or her arrest sealed as a matter of right" if he or she "suffered an arrest that did not result in a conviction" subject to exceptions for domestic violence, child abuse, or elder abuse offenses. (§ 851.91, subds. (a), (c)(1)-

---

[4]     Section 851.91 was amended, effective January 1, 2019, to make some technical and substantive changes to the law, none of which are relevant to this appeal. (Stats. 2019, ch. 653, § 1.)

3

(c)(2)(A)(i).) "For purposes of this section, an arrest did not result in a conviction if . . . [¶] . . . [¶] (B) The prosecuting attorney filed an accusatory pleading based on the arrest, but, with respect to all charges, one or more of the following has occurred: [¶] (i) No conviction occurred, the charge has been dismissed, and the charge may not be refiled. [¶] (ii) No conviction occurred and the arrestee has been acquitted of the charges. [¶] (iii) A conviction occurred, but has been vacated or reversed on appeal, all appellate remedies have been exhausted, and the charge may not be refiled." (§ 851.91, subd. (a)(1), (a)(1)(B)(i)-(iii).)

### 3. Section 1203.4

"Section 1203.4 provides that a defendant who 'has fulfilled the conditions of probation for the entire period of probation, *or* has been discharged prior to the termination of the period of probation' . . . is entitled as a matter of right to have the plea or verdict changed to not guilty, to have the proceedings expunged from the record, and to have the accusations dismissed. [Citation.] If the petitioner establishes either of the necessary factual predicates, the trial court *is required* to grant the requested relief. [Citations.]" (*People v. Hawley* (1991) 228 Cal.App.3d 247, 249-250, fn. omitted.) Section 1203.4 also provides that, "with specified exceptions, such a defendant 'shall thereafter be released from all penalties and disabilities resulting from the offense of which he or she has been convicted.' " (*People v. Vasquez* (2001) 25 Cal.4th 1225, 1228 (*Vasquez*).)

" 'A grant of relief under section 1203.4 is intended to reward an individual who successfully completes probation by mitigating some of the consequences of his conviction and, with a few exceptions, to restore him to his former status in society to the extent the Legislature has power to do so [citations].' " (*People v. Field* (1995) 31 Cal.App.4th 1778, 1787 (*Field*).) However, such relief " 'does not, properly speaking, "expunge" the prior conviction. The statute does not purport to render the conviction a

4

legal nullity.' " (*Vasquez, supra*, 25 Cal.4th at p. 1230.) Rather, " '[t]hat final judgment of conviction is a fact; and its effect cannot be nullified . . . by . . . the later order dismissing the action after judgment.' " (*Ibid.*) "For example, such an expunged conviction must be disclosed in applying for public office or license and may be considered by licensing authorities." (*Field*, at p. 1787.) In addition, convictions dismissed under section 1203.4 may be used to impeach a witness who is being prosecuted in a "criminal trial . . . for a subsequent offense" (Evid. Code, § 788, subd. (c)), and may be used for purposes of suspension of a driver's license. (Veh. Code, § 13555.) Thus, "[w]hile section 1203.4 may operate to free the convicted defendant from penalties and disabilities 'of a criminal or like nature,' it does not 'obliterate *the fact* that [the] defendant has been "finally adjudged guilty of a crime" ' . . . ." (*People v. Gross* (2015) 238 Cal.App.4th 1313, 1320 (*Gross*).)

### B. Analysis

Appellant contends that the trial court erred in concluding that he did not qualify for sealing of his arrest records under section 851.91. Appellant argues that section 1203.4, which permitted him to withdraw his guilty plea and have the accusatory pleading dismissed by the superior court, effectively "vacated" his conviction within the meaning of section 851.91. Thus, appellant maintains he is entitled to have his arrest records sealed.

The issue in this case concerns section 851.91's definition of "[a] person who suffered an arrest that did not result in a conviction." As relevant here, the statute provides that the definition is satisfied when "[a] conviction occurred, *but has been vacated or reversed on appeal*, all appellate remedies have been exhausted, and the charge may not be refiled." (§ 851.91, subd. (a)(1)(B)(iii), italics added.) Thus, the

5

question is whether relief under section 1203.4 qualifies as a conviction that "has been vacated or reversed on appeal."

In concluding that appellant did not qualify to have his arrest records sealed, the superior court understood the statement, "has been vacated or reversed on appeal," to mean "vacated *on appeal*" or "reversed on appeal . . . ." Appellant disagrees with this construction. He contends that it is "clear that [the Legislature] was talking about two different things (vacatur on one hand, reversal on appeal on the other) not one singular event" that occurs only on appeal. The Attorney General agrees, stating that "the eligibility provisions of section 851.91" should not be "limited to convictions that are vacated on appeal."

We agree with the parties that the superior court misconstrued the eligibility requirements of section 851.91. The operative language is "vacated *or* reversed on appeal . . . ." (§ 851.91, subd. (a)(1)(B)(iii), italics added.) "[T]he ' "ordinary and popular" ' meaning of the word 'or' is well settled. [Citation.] It has a disjunctive meaning: 'In its ordinary sense, the function of the word "or" is to mark an alternative such as "either this or that." ' [Citation.]" (*In re Jesusa V.* (2004) 32 Cal.4th 588, 622 (*Jesusa V.*); see *Guess v. Bernhardson* (2015) 242 Cal.App.4th 820, 827 ["The ordinary meaning of the word 'or' is in the disjunctive."].) Although "the word may have a conjunctive meaning . . . '[r]esort to such unnatural construction of the word "or" is sanctioned only when such construction is found necessary to carry out the obvious legislative intent of the Legislature . . . .' " (*Jesusa V.*, at pp. 622-623.)

Here, we discern no such obvious legislative intent to depart from settled rules of statutory construction. Indeed, understanding section 851.91's eligibility requirement to include *both* convictions that are vacated *and* convictions that are reversed on appeal is consistent with existing law, which does not limit the power of vacation to courts "on appeal." For example, vacation of a conviction occurs when a trial court grants a motion

6

to vacate (§ 1473.7 et. seq.; *People v. Ogunmowo* (2018) 23 Cal.App.5th 67, 69), or when any court with jurisdiction grants a writ of coram nobis or habeas corpus.  (*People v. Mason* (1958) 163 Cal.App.2d 630, 632; *People v. Sumstine* (1984) 36 Cal.3d 909, 920.) There is no indication from the plain language of the statute to indicate that the Legislature intended an unnatural construction of the word "or" such that vacation of a conviction in these circumstances would be excluded.  We have also examined the legislative history related to Senate Bill No. 393 (2017-2018 Reg. Sess.) and found nothing to support a different construction.  Thus, we construe the phrase, "has been vacated or reversed on appeal," to mean that a petitioner is entitled to relief under the statute if his or her conviction was vacated by any court with jurisdiction.

In addition, another rule of statutory construction supports this construction of section 851.91.  Under the " 'last antecedent rule,' " "[e]vidence that a qualifying phrase is supposed to apply to all antecedents instead of only to the immediately preceding one may be found in the fact that it is separated from the antecedents by a comma."  (*White v. County of Sacramento* (1982) 31 Cal.3d 676, 680.)  As applied here, if the words "on appeal" applied not only to "reversed" but also to "vacated," we would expect the Legislature to have separated the antecedents with a comma.  (Cf. *Ibid*.)  The Legislature did not do so, and so we presume it meant the words "on appeal" to apply only to the word "reversed."

Having concluded that section 851.91 relief is available when a conviction has been vacated in the superior court, we must now determine whether appellant's conviction was in fact "vacated" under section 1203.4.  As we explain, a change of plea and dismissal of the accusatory pleading under section 1203.4 is not the equivalent of vacation of a conviction under section 851.91.

"Vacated" is not defined in the Penal Code.  The American Heritage College Dictionary defines "vacated" as "[t]o make void or annul . . . ."  (American Heritage Dict.

7

Online (2020).)[5]  Similarly, the Oxford English Dictionary defines "vacate" to mean "make void in law; to deprive of legal authority or validity; to annul or cancel."  (Oxford English Dict. Online (2020).)[6]

Trial courts are empowered to vacate convictions under specified circumstances. Section 1473.7, which was added to the Penal Code in 2017, authorizes "[a] person who is no longer in criminal custody" to "file a motion to vacate a conviction or sentence" where "[t]he conviction or sentence is legally invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a plea of guilty or nolo contendere."  (§ 1473.7, subd. (a)(1).)  Prior to the enactment of section 1473.7, a defendant could also bring a motion to vacate a judgment under section 1016.5, if the trial court failed to give the requisite advisements regarding immigration consequences of conviction prior to accepting a guilty or no contest plea.  (*People v. Carty* (2003) 110 Cal.App.4th 1518, 1524-1525.)  Similarly, if a judgment has not been appealed, motions to set aside the judgment "and petitions in the nature of coram nobis may be addressed to the trial court after judgment" under section 1265.  (*People v. Wadkins* (1965) 63 Cal.2d 110, 113.)

In contrast to actions to vacate a conviction in the superior court, our high court has explained that the relief provided by section 1203.4 does not " ' "expunge" ' " a conviction as the word is typically understood.  (*Vasquez*, *supra*, 25 Cal.4th at p. 1230.) Rather, while section 1203.4 frees a former probationer from further "penalties and disabilities" resulting from the conviction, "it does not 'obliterate *the fact*' " of a

---

[5]  <https://ahdictionary.com/word/search.html?q=Vacated> [as of June 19, 2020], archived at:  <https://perma.cc/UT82-UVWX>.

[6]  <https://www.oed.com/view/Entry/220892> [as of June 19, 2020], archived at: <https://perma.cc/4NM7-MH79>.

conviction. (*Gross*, *supra*, 238 Cal.App.4th at p. 1320.) It does not, in other words, act to nullify, annul, cancel, or make void a conviction.

The provisions of section 1203.4 underline this point. Subdivision (a)(1) of section 1203.4 states that a conviction may be pleaded and proved in any subsequent prosecution of the petitioner for any other offense with the same effect as if it had not been dismissed. Subdivision (a)(2) precludes the petitioner from owning, possessing, or having in his or her control a firearm. In contrast to a true vacation of a conviction, section 1203.4 makes clear that a dismissed conviction still *exists* for purposes of imposing collateral consequences for that conviction. In short, the plain language and effect of the relief provided by section 1203.4 is not the equivalent of vacation of a conviction. Therefore, although the superior court misconstrued the scope of section 851.91's eligibility requirements, appellant nonetheless was not entitled to relief under the statute.

In arguing that the relief provided by section 1203.4 is equivalent to the vacation of a conviction, appellant relies on the fact that the word "vacation" appears in the title of the statute, which he argues is indicative of legislative intent.[7] Appellant cites *People v. Silverbrand* (1990) 220 Cal.App.3d 1621, in which Third District Court of Appeal stated that "[t]he titles, chapters and section headings enacted by the Legislature 'are not merely editor's notes, but are integral parts of the code itself and must be consulted in ascertaining and interpreting the legislative will as expressed in the various sections.' [Citations.]" (*Id.* at p. 1626.) Our high court, however, has repeatedly made clear that "'[t]itle or chapter headings are unofficial and do not alter the explicit scope, meaning, or intent of a statute.' [Citations.]" (*People v. Wheeler* (1992) 4 Cal.4th 284, 293-294; accord, *Wasatch Property Management v. Degrate* (2005) 35 Cal.4th 1111, 1119;

_____

[7] Section 1203.4 is entitled: "Fulfillment of conditions of probation or discharge prior to termination; change of plea or vacation of verdict; dismissal and release from penalties and disabilities; exceptions; pardon."

*Berkeley Hillside Preservation v. City of Berkeley* (2015) 60 Cal.4th 1086, 1096, fn. 2.) "'[T]he title of an act may be relied on in ascertaining the intention of the legislature, *where the act itself is ambiguous*; but the title "cannot be used for the purpose of restraining or controlling any positive provision of the act."'" (*In re Bandmann* (1958) 51 Cal.2d 388, 392, italics added.) Here, nothing about section 1203.4 is ambiguous. To the contrary, the plain language of the statute, as well as numerous cases construing that statute, make clear that the nature of the relief available under section 1203.4 does not vacate or void a conviction.[8]

Finally, appellant argues that precluding him from sealing his arrest records results is a new "penalty and disability," which is contrary to section 1203.4, subdivision (a)(1)'s provision that a successful petitioner "shall . . . be released from all penalties and disabilities resulting from the offense of which he or she has been convicted . . . ."

Here, the denial of relief under section 851.91 does not amount to a penalty or disability under section 1203.4. In *People v. Sharman* (1971) 17 Cal.App.3d 550 (*Sharman*), the defendant argued that to give effect to the provision in section 1203.4 releasing him from all penalties and disabilities, he was entitled to have his arrest records sealed. The Court of Appeal rejected the argument, reasoning that preclusion from record sealing was not a penalty or disability because section 1203.4 was "directed only to penalties and disabilities" that were imposed by the State. (*Sharman*, at p. 552.) In the case of arrest records, "[t]he fact [that] information in the records is accessible to the public, of itself, is not a penalty or disability. Any claimed penalty or disability . . . arises from the use of the information to the disadvantage of the offender." (*Ibid*.) Put another

---

[8]     Along the same line, appellant also points to the Judicial Council form applicable to a dismissal under section 1203.4. It states that the verdict is to "be set aside or *vacated* and a plea of not guilty [is to] be entered and that the complaint or information . . . is hereby, dismissed" with respect to the identified conviction or convictions. (Italics added.) Given that the section title is of no interpretative value here, we see no reason to give the Judicial Council forms any weight in this case.

way, any penalty or disadvantage "is imposed by the person or persons possessing and using the information," not by the State. (*Ibid.*) Thus, in releasing an offender from "penalties and disabilities," section 1203.4 does not create any affirmative right to have arrest records sealed.

Appellant contends that *Sharman* is distinguishable because the decision "precedes the passage of [section] 851.91 by several decades." He asserts that at the time, "the court *was* correct in concluding that [section] 1203.4 does not provide for the sealing of records of conviction," but that now section 851.91 "created" such a right and "changed the law so that anyone whose conviction had been previously vacated is now eligible to have their records sealed." Thus, he argues that "[d]isqualifying [him] from relief to which he is otherwise legally entitled to under [section] 851.91, is . . . a 'penalty and disability' not authorized by law or intended by the legislature."

Appellant's attempt to distinguish *Sharman* is unconvincing. While section 851.91 created a statutory right to have arrest records sealed in certain circumstances, as we have explained, relief under section 1203.4 is not one of those circumstances. Appellant cannot bootstrap section 1203.4's requirement that a successful petitioner be released from further "penalties or disabilities" to create an entitlement to relief under section 851.91 when the statutory language clearly precludes such relief. In addition, although *Sharman* did not involve the statutory right to have arrest records sealed under section 851.91, the reasoning is still applicable to appellant's argument that the failure to seal his arrest records under section 851.91 amounts to a "penalty or disability." As in *Sharman*, any penalty or disability is the result of actions "by the person or persons possessing and using the information," not by the State. (*Sharman*, *supra*, 17 Cal.App.3d at p. 552.)

11

### III. Disposition

The order is affirmed.

_____
Mihara, J.

WE CONCUR:


_____
Premo, Acting P.J.


_____
Elia, J.


People v. E.B.
H046693

13

Trial Court:                                Santa Clara County Superior Court

Trial Judge:                                Honorable Joshua Weinstein

Attorney for Defendant and Appellant:       Brendan Michael Hickey

Attorneys for Plaintiff and Respondent:     Xavier Becerra
                                            Attorney General of California

                                            Lance E. Winters
                                            Chief Assistant Attorney General

                                            Jeffrey M. Laurence
                                            Senior Assistant Attorney General

                                            Rene A. Chacon
                                            Supervising Deputy Attorney General

                                            Juliet B. Haley
                                            Deputy Attorney General