Filed 1/21/26  In re P.V. CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re P.V., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B337624 (Super. Ct. No. 2021020959) (Ventura County) |
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>P.V.,<br><br>     Defendant and Appellant. | |

P.V. and another minor set fire to an elementary school. After a contested restitution hearing, the minors were ordered to pay, jointly and severally, direct victim restitution of over $1 million dollars.  Appellant contends newly enacted Welfare and Institutions Code section 730.6, subdivision (b)(3), which limits a minor's liability for restitution to their apportioned percentage of

fault, applies retroactively and requires remand for a new restitution hearing.[1]  We disagree and affirm.

*Factual and Procedural Background*

In July 2021, appellant and E.S. recorded themselves engaging in a series of destructive acts after they broke into an elementary school, vandalized a classroom, and started a fire.

The Ventura County District Attorney's Office filed a section 602 petition alleging appellant committed arson, burglary, and vandalism.  After a contested adjudication hearing, the juvenile court sustained the petition, declared P.V. a ward of the court, and placed her on probation.

In April 2024, after a contested restitution hearing, the juvenile court ordered appellant to pay $1,025,000 directly to the Ventura Unified School District, jointly and severally, with her co-offender, E.S.

*Discussion*

Appellant contends this court should remand for a new restitution hearing based on newly amended section 730.6, subdivision (b)(3).  Specifically, she contends Assembly Bill No. 1186 is an "ameliorative change" and pursuant to *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*), "this provision will apply retroactively to all cases not yet final on its operative date," like the present case.  As we shall explain, appellant is mistaken.

Section 730.6, subdivision (a)(1) provides: "It is the intent of the Legislature that a victim of conduct for which a minor is found to be a person described in Section 602 who incurs an economic loss as a result of the minor's conduct shall receive

---

[1]  All further statutory references are to the Welfare and Institutions Code.

2

restitution directly from that minor." (*Ibid*.)  The purpose of direct victim restitution is to make the victim whole, rehabilitate the minor, and deter future delinquent behavior.  (*Luis M. v. Superior Court* (2014) 59 Cal.4th 300, 305; *In re Anthony M.* (2007) 156 Cal.App.4th 1010, 1017.)

Effective January 1, 2025, Assembly Bill No. 1186 (2023-2024 Reg. Sess.) amended the rule governing restitution in juvenile delinquency proceedings pursuant to section 730.6.  As amended, the statute eliminates the requirement that a juvenile court impose a separate restitution fine.  (Former § 730.6, subds. (a)(2)(A), (b)(1); Stats. 2015. Ch. 131, § 1.)  It also replaces the "joint and several liability" provision formerly imposed by section 730.6, subdivision (h) with "several liability."

Section 730.6, subdivision (b)(3) provides: "For the purposes of victim restitution, each minor shall be held severally liable, and shall not be held jointly and severally liable as co-offenders.  The court shall apportion liability based on each minor's percentage of responsibility or fault for all economic losses included in the order of restitution.  The aggregate amount of apportioned liability for all minors involved shall not exceed 100 percent in total." (*Ibid*.; Stats. 2024, ch. 805, § 6.)

The issue here is whether section 730.6, subdivision (b)(3) applies retroactively or prospectively.  Because the question at issue involves interpretation of statutory language, our review is de novo.  (*People v. Arroyo* (2016) 62 Cal.4th 589, 593.)

"It is well settled that a new statute is presumed to operate prospectively absent an express declaration of retrospectivity or a clear indication that the electorate, or the Legislature, intended otherwise." (*Tapia v. Superior Court* (1991) 53 Cal.3d 282, 287; accord, *People v. Burgos* (2024) 16 Cal.5th 1,

3

11 (*Burgos*) [in the absence of an express retroactivity provision, a statute will not be applied retroactively unless it is very clear from extrinsic sources that the lawmakers intended a retrospective application].)  An exception to this presumption is that newly enacted legislation that reduces punishment may apply retroactively to all nonfinal judgments.  (*Burgos*, at pp. 12-13; *Estrada*, *supra*, 63 Cal.2d at pp. 744-745.)

Appellant contends the legislative history suggests the law was to be applied retroactively.  Appellant cites the Assembly Floor Analysis from August 18, 2024 for Assembly Bill No. 1186, which states this bill "[*p*]*rospectively* eliminates the requirement that a minor adjudged to be a ward of the court pay a restitution fine."  (Assembly Floor Analysis of Assembly Bill No. 1186, p. 2, italics added.)  Appellant surmises that because none of the other amendments were listed as applying "prospectively," the Legislature presumably intended only the elimination of the restitution fine be prospective.  We are not persuaded.

The Legislature is presumed to be aware of the existing law and to have enacted or amended a statute in light thereof.  (*People v. Giordano* (2007) 42 Cal.4th 644, 659.)  In this case, the Legislature is presumed to have known that eliminating a restitution fine is an ameliorative benefit that would operate retroactively pursuant to *Estrada*.  By contrast, direct victim restitution is not a punishment and therefore *Estrada*'s inference of retroactivity does not apply.  (See *People v. Harvest* (2000) 84 Cal.App.4th 641, 650, disapproved on other grounds in *People v. Pittman* (2024) 99 Cal.App.5th 1252, 1260 ["The purpose of victim restitution is compensation, which does not involve an affirmative disability or restraint, and which has not historically been regarded as punishment"]; *People v. Hanson* (2000) 23

4

Cal.4th 355, 361 ["restitution fines are punishment"]; *People v. Gross* (2015) 238 Cal.App.4th 1313, 1322 ["unlike restitution fines, direct victim restitution is imposed to protect public safety and welfare, not to punish the defendant"].)  As such, no "prospective" designation was needed.

Appellant also contends that limiting a minor's liability for restitution to their apportioned percentage of fault fits within the language of *Burgos* that an individual is to be treated "more leniently" as a result of the change in the law.  (*Burgos*, *supra*, 16 Cal.5th at p. 13.)

Although the Legislature may have believed several liability would be more fair than joint and several liability, particularly in cases involving minors, the amendment does not reflect an intent to "lessen punishment."  (See *Burgos*, *supra*, 16 Cal.5th at p. 24 [uncodified legislative findings established intent to promote fairness and reduce potential for prejudice but did not reflect intent to lessen punishment within meaning of *Estrada*].)

Based on the foregoing, we conclude section 730.6, subdivision (b)(3) does not fall within *Estrada* and therefore does not operate retroactively.

*Disposition*

The judgment (restitution order) is affirmed.
NOT TO BE PUBLISHED.


YEGAN, Acting P. J.

We concur:


BALTODANO, J.


CODY, J.

5

Ferdinand D. Inumerable, Judge
Superior Court County of Ventura

_____

Torres & Torres and Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Xiomara Costello, Stefanie Yee, Deputy Attorneys General, for Plaintiff and Respondent.