Filed 9/21/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| ELAINE C. ESTRADA, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> PUBLIC EMPLOYEES' RETIREMENT SYSTEM, <br><br> Defendant and Respondent. | B317848 <br><br> (Los Angeles County Super. Ct. No. 19STCP04059) |

APPEAL from an order of the Superior Court of Los Angeles County.  Mitchell L. Beckloff, Judge.  Affirmed.

Elaine C. Estrada, in pro. per., for Plaintiff and Appellant.

Matthew G. Jacobs, Elizabeth Yelland, Charles H. Glauberman, Cristina Andrade and Seth Curtis for Defendant and Respondent.

_____

**INTRODUCTION**

Government Code[1] section 7522.72 provides that if a public employee is convicted of a felony for conduct arising out of or in the performance of his or her official duties, the employee forfeits certain accrued retirement benefits, which "shall remain forfeited notwithstanding any reduction in sentence or expungement of the conviction." Appellant Elaine Estrada, a former employee of the City of La Habra Heights (City), pled no contest to a felony that arose out of the performance of her official duties. Under the terms of Estrada's plea agreement, the conviction was later reduced to a misdemeanor under Penal Code section 17 and then dismissed under Penal Code section 1203.4. After respondent California Public Employees' Retirement System (CalPERS) determined that Estrada forfeited a portion of her retirement benefits as a result of her felony conviction, she filed a petition for writ of administrative mandate. We conclude the trial court did not err in denying the petition because, consistent with the language and purpose of section 7522.72, Estrada's retirement benefits were subject to forfeiture upon her no contest plea to a job-related felony, notwithstanding the subsequent reduction to a misdemeanor and dismissal of the charge. We accordingly affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Estrada worked for the City as an Accountant and Payroll Administrator from November 7, 2005 to August 24, 2012. Through her employment, she was eligible for retirement benefits as a member of CalPERS.

---

[1] Unless otherwise stated, all further statutory references are to the Government Code.

2

## I.    Criminal proceedings

On April 28, 2016, the Los Angeles County District Attorney's Office filed a felony complaint against Estrada. The complaint charged Estrada with one count of misappropriation of public funds in violation of Penal Code section 424, subdivision (a), (count 1), and one count of embezzlement by a public officer in violation of Penal Code section 504 (count 2). As to both counts, it was alleged that, between April 1, 2007 and July 31, 2009, Estrada removed payroll deductions, and as a result, did not pay the required employee share for dependents covered on her plan. The City did not discover the alleged conduct until an audit in 2012 because Estrada was responsible for the payroll and timekeeping of all City employees.

On June 28, 2017, Estrada appeared for the preliminary hearing. At that time, her counsel advised the trial court that the parties had reached a plea agreement. As part of the plea, the court granted the People's motion to amend the complaint to add a third felony count for unauthorized computer access in violation of Penal Code section 502, subdivision (c)(7), (count 3).

The prosecutor set forth the terms of the plea agreement on the record, stating: "Ms. Estrada will be pleading no contest today to a felony count of Penal Code section 502(c)(7). That is unauthorized access to a computer system or network. The plea will be taken pursuant to a felony provision Penal Code section 502(d)(3) little (c). [¶] But the sentencing will be set out for six months, at which time the felony plea will [be] vacated and a misdemeanor plea will be—of no contest will be entered in its place. [¶] . . . [¶] Within two weeks of the plea of today's date, Ms. Estrada will pay to the City of La Habra Heights the amount

3

of $5,780.20. At the end of the six-month period, when Ms. Estrada is sentenced to a misdemeanor, the sentence will then be one year of summary probation, starting on the day of the sentencing of the misdemeanor. [¶] At the completion of probation, counsel will move, as allowed under Penal Code section 1203.4, to have the misdemeanor vacated and expunged. [¶] . . . [¶] The D.A. would agree to the Penal Code section 1203.4 [motion] after the end of that one year of summary probation. . . . [¶] The last condition . . . is regarding the six-month time period from which the plea today is taken and the misdemeanor plea and sentencing [that] takes place six months from now. If there's a failure to pay restitution or any violation of the law, either misdemeanor or felony during that six-month period, the sentencing will result in the sentencing on the felony itself and that would involve a restitution order and formal probation."

Estrada answered affirmatively when asked if she understood the terms and conditions of her plea, including that a plea of no contest would be treated as a finding of guilt for all purposes. After waiving her rights, Estrada pled no contest to count 3, a violation of Penal Code section 502, subdivision (c)(7). The court found Estrada's plea and waivers were knowingly and intelligently made, and there was a factual basis for the plea. The court accepted the plea and found Estrada guilty of the charged offense. After obtaining a time waiver from Estrada's counsel, the court continued sentencing for a period of six months.

The court's minute order for the June 28, 2017 hearing set forth the terms of the plea as described by the prosecutor and accepted by Estrada. The minute order included the following disposition: "COUNT (03): DISPOSITION: CONVICTED."

4

On January 3, 2018, Estrada appeared for sentencing. At that time, the prosecutor informed the trial court that Estrada had paid restitution to the City. Because Estrada had complied with the terms of her plea agreement, the prosecutor moved to amend the complaint to reduce count 3 from a felony to a misdemeanor under Penal Code section 17, subdivision (b). The court granted the People's motion. The court then allowed Estrada to withdraw her plea to count 3 as a felony, and to enter a new plea of no contest to that count as a misdemeanor. The court accepted the plea, and proceeded to sentence Estrada to one year of summary probation on the condition that she obey all laws and orders of the court. On the People's motion, the court dismissed counts 1 and 2 under Penal Code section 1385.

On March 5, 2019, following her successful completion of probation, Estrada moved to withdraw her plea of no contest and to enter a plea of not guilty under Penal Code section 1203.4. The trial court granted the motion and dismissed the criminal case.

## II.    Administrative proceedings

On April 10, 2018, while Estrada was serving probation, the City submitted a forfeiture of benefits form to CalPERS regarding Estrada's criminal conviction. The form indicated that Estrada was convicted of a job-related felony on June 28, 2017, and that the earliest date of commission of the felony was September 1, 2007.

On May 23, 2018, CalPERS notified Estrada that, as a result of her felony conviction, a portion of her accrued retirement benefits was subject to forfeiture under section 7522.72. In addition, Estrada was no longer eligible to return to CalPERS-covered employment or to accrue further CalPERS benefits.

5

Estrada was informed that any member contributions that she made to the retirement system during the forfeiture period would be returned to her.

On June 21, 2018, through her attorney, Estrada disputed CalPERS's forfeiture action. Estrada contended she was not convicted of a felony because, on January 3, 2018, she withdrew her plea to a felony and entered a new plea of no contest to a misdemeanor. On September 7, 2018, Estrada appealed the forfeiture action.

On April 18, 2019, an administrative law judge (ALJ) held an evidentiary hearing on Estrada's appeal. The ALJ admitted into evidence various documents offered by the parties, including the minute orders and hearing transcripts from Estrada's criminal case. A CalPERS analyst responsible for reviewing forfeiture-of-benefit cases testified that CalPERS based its forfeiture decision on court records showing Estrada was convicted of a felony, and that Estrada's benefits remained forfeited even if the conviction was later reduced to a misdemeanor or dismissed. Estrada testified that she was not convicted of a felony because, upon her completion of a six-month probation, she was allowed to vacate her felony plea and enter a new plea to a misdemeanor. She also testified that, after she completed one year of probation, the criminal case was dismissed.

On June 24, 2019, the ALJ issued a proposed decision denying Estrada's administrative appeal. The ALJ found CalPERS was correct in its determination that Estrada was convicted of a felony arising out of her official duties as an employee of the City. As a result, the ALJ concluded that Estrada forfeited her right to retirement benefits for the period from September 1, 2007, the earliest date of the commission of

6

the felony, through June 28, 2017, the date of her felony conviction.

On August 21, 2019, the CalPERS Board of Administration (Board) adopted the ALJ's proposed decision.

## III. Nunc pro tunc order

On August 6, 2019, after the ALJ issued the proposed decision but before the Board adopted it, Estrada returned to criminal court. Following an off-the-record conference with Estrada's counsel and a deputy district attorney, the court stated that it was granting a request to issue a nunc pro tunc order. The court then found "nunc pro tunc that on June 28th, 2017, the defendant pleaded to the felony but was not convicted." The court further found that "on January 3rd, 2018, the defendant was convicted of a misdemeanor and sentenced to a misdemeanor." At the request of Estrada's counsel, the court added that "[t]he record will so reflect that the defendant did not suffer a felony conviction in this case. She merely pleaded to the felony on . . . [¶] . . . [¶] . . . June 28th, 2017, but was not convicted. [¶] . . . [¶] [T]he only criminal offense [for which] she was convicted and sentenced was a misdemeanor on January 3rd, 2018."

## IV. Petition for writ of mandate

On September 19, 2019, Estrada filed a petition for writ of administrative mandate in Los Angeles County Superior Court. She sought an order directing CalPERS to set aside its forfeiture decision and to reinstate her retirement benefits. Estrada argued that she was entitled to retain her retirement benefits because she was convicted of a misdemeanor, not a felony, and the criminal case against her was dismissed. CalPERS opposed the petition, asserting that Estrada was convicted of a felony when

7

she pled no contest to a felony charge on June 28, 2017, and that the later reduction of the conviction to a misdemeanor and dismissal of the charge were irrelevant under section 7522.72.

On December 15, 2021, the trial court denied Estrada's petition. In its written order, the court explained that, while the term "conviction" as used in section 7522.72 was ambiguous, the purpose of the statute was to ensure the integrity of the public pension systems. The court found that "[a]llowing [Estrada] to avoid the partial forfeiture of her pension benefits where she admitted felonious conduct in connection with her public employment would be to defeat the legislative purpose of [s]ection 7522.72." The court further found that, because the Legislature expressly intended for postconviction proceedings to have no effect on forfeiture unless the conviction was reversed, the later reduction of the felony to a misdemeanor and dismissal of the charge were "of no consequence; [Estrada's] admission to felonious conduct remains and her pension benefits are subject to partial forfeiture."

Estrada appeals from the order denying her writ petition.

## DISCUSSION

In her appeal, Estrada does not dispute that she pled no contest to a felony charge for violation of Penal Code section 502, subdivision (c)(7), for conduct arising out of the performance of her official duties for the City. She contends, however, that her retirement benefits were not subject to forfeiture under section 7522.72 because she withdrew her plea to the felony and entered a new plea to a misdemeanor, and the criminal case was later dismissed. We conclude Estrada's claims lack merit.

8

## I. Standard of review

Code of Civil Procedure section 1094.5 governs judicial review by administrative mandate of any final decision or order rendered by an administrative agency. If the administrative decision substantially affects a fundamental vested right, such as the right to employee retirement benefits, the trial court must exercise its independent judgment on the evidence. (*Strumsky v. San Diego County Employees Retirement Assn.* (1974) 11 Cal.3d 28, 44–45.) Under this standard, the "trial court must afford a strong presumption of correctness concerning the administrative findings, and the party challenging the administrative decision bears the burden of convincing the court that the administrative findings are contrary to the weight of the evidence." (*Fukuda v. City of Angels* (1999) 20 Cal.4th 805, 817.) In cases where the trial court exercised its independent judgment on the evidence, the appellate court generally reviews the trial court's factual findings for substantial evidence. (*Id.* at p. 824.)

The proper interpretation of a statute, however, presents a question of law that is subject to de novo review. (*Christensen v. Lightbourne* (2019) 7 Cal.5th 761, 771.) The rules governing statutory interpretation are well-settled. " 'Our fundamental task in interpreting a statute is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a plain and commonsense meaning. We do not examine that language in isolation, but in the context of the statutory framework as a whole in order to determine its scope and purpose and to harmonize the various parts of the enactment. If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend. If the

9

statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy.' " (*Jarman v. HCR ManorCare, Inc.* (2020) 10 Cal.5th 375, 381.)

"Where a question of law requires interpreting a statute that governs CalPERS's responsibilities, ' " 'the court accords great weight to [CalPERS's] interpretation.' " ' " (*Byrd v. State Personnel Bd.* (2019) 36 Cal.App.5th 899, 907.) As the agency charged with administering the state's public pension statute, CalPERS " 'has expertise and technical knowledge as well as " ' "an intimate knowledge of the problems dealt with in the statute and the various administrative consequences arising from particular interpretations." ' " ' " (*Ibid.*)

## II. Section 7522.72

Section 7522.72 is part of the California Public Employees' Pension Reform Act of 2013 (§ 7522 et seq.; PEPRA). It provides, in relevant part, that "[i]f a public employee is convicted by a state or federal trial court of any felony under state or federal law for conduct arising out of or in the performance of his or her official duties, . . . he or she shall forfeit all accrued rights and benefits in any public retirement system in which he or she is a member to the extent provided in subdivision (c) and shall not accrue further benefits in that public retirement system, effective on the date of the conviction." (§ 7522.72, subd. (b)(1).)

Section 7522.72, subdivision (c), sets forth the scope of the forfeiture. It mandates that "[a] member shall forfeit all the rights and benefits earned or accrued from the earliest date of the commission of any felony described in subdivision (b) to the forfeiture date." (*Id.*, subd. (c)(1).) For purposes of this subdivision, "forfeiture date" means the date of the conviction.

10

(*Id.*, subd. (c)(3).)  Subdivision (c) further provides that "[t]he rights and benefits shall remain forfeited notwithstanding any reduction in sentence or expungement of the conviction following the date of the member's conviction."  (*Id.*, subd. (c)(1).)

Section 7522.72, subdivision (h), specifies the limited circumstances under which a public employee may recover benefits that were forfeited under the statute.  It states that, "[i]f a public employee's conviction is reversed and that decision is final, the employee shall be entitled to . . . [¶] [r]ecover the forfeited rights and benefits," as adjusted for any returned member contributions.  (§ 7522.72, subd. (h)(1).)

## III.   Estrada's retirement benefits became subject to forfeiture upon her no contest plea to a felony

Under the plain language of section 7522.72, a public employee's accrued retirement benefits are subject to forfeiture upon his or her conviction of a job-related felony.  While section 7522.72 does not define the terms "convicted" or "conviction," the general rule in California is that " '[a] plea of guilty constitutes a conviction.' "  (*People v. Banks* (1959) 53 Cal.2d 370, 390–391; accord, *People v. Laino* (2004) 32 Cal.4th 878, 895.)  "A guilty plea 'admits every element of the crime charged' [citation] and 'is the "legal equivalent" of a "verdict" [citation] and is "tantamount" to a "finding" [citations].' "  (*People v. Wallace* (2004) 33 Cal.4th 738, 749.)

The same principles apply to a plea of nolo contendere or no contest.  "The legal effect of such a plea, to a crime punishable as a felony, shall be the same as that of a plea of guilty for all purposes." (Pen. Code, § 1016, subd. 3.)  Like a guilty plea, a no contest plea to a felony admits every element of the charged crime.  (*People v. Miller* (2022) 78 Cal.App.5th 1051, 1058;

11

*People v. Voit* (2011) 200 Cal.App.4th 1353, 1364.)  Thus, a plea of guilty or no contest "is a 'conclusive admission of guilt' [citation], and constitutes a conviction ' "within the ordinary as well as the technical meaning of the word." ' " (*People v. Jones* (1995) 33 Cal.App.4th 1087, 1093–1094.)  By pleading no contest to a felony, "a defendant 'acquire[s] the status . . . of a person convicted of a felony.' " (*Id.* at p. 1094.)

In this case, the record reflects that, on June 28, 2017, Estrada pled no contest to a felony charge for violation of Penal Code section 502, subdivision (c)(7).  Subject to certain enumerated exceptions, a person is guilty of a public offense under that statute when he or she "[k]nowingly and without permission accesses or causes to be accessed any computer, computer system, or computer network."  (Pen. Code, § 502, subd. (c)(7).)  Where the loss to the victim exceeds $5,000, the offense is punishable by either a fine, a term of imprisonment in state prison or a county jail, or both.  (*Id.*, subd. (d)(3)(c).)  This type of offense, which is punishable as either a felony or a misdemeanor, is commonly referred to as a "wobbler."  (*People v. Park* (2013) 56 Cal.4th 782, 789 (*Park*) [describing wobblers].)

In setting forth the terms of Estrada's negotiated plea agreement, the prosecutor made clear that Estrada was "pleading no contest today to a *felony* count of Penal Code section 502(c)(7)," and that "[t]he plea will be taken pursuant to a *felony* provision Penal Code section 502(d)(3)[(c)]" (italics added).  Estrada confirmed she understood the terms and conditions of the plea.  She also confirmed she understood that a plea of no contest would be treated as a finding of guilt for all purposes.  After Estrada pled no contest to a felony violation of Penal Code section 502, subdivision (c)(7), the trial court accepted the plea and found her

12

guilty of the offense "at this time." Because Estrada's no contest plea admitted every element of the charged felony and was the legal equivalent of a guilty plea for all purposes, we conclude it constituted a "conviction" for purposes of section 7522.72.

This interpretation of section 7522.72 is also consistent with the legislative purpose of statute. As discussed, section 7522.72 is part of PEPRA, which was enacted to close loopholes and to curb abusive practices that existed in California's public pension system. (*Alameda County Deputy Sheriff's Assn. v. Alameda County Employees' Retirement Assn.* (2020) 9 Cal.5th 1032, 1054, 1102.) The purpose of section 7522.72's forfeiture provision is "to protect the public employee pension system from abusive practices . . . and to preserve public trust in government by discouraging serious criminal activity abusive of the public trust." (*Hipsher v. Los Angeles County Employees Retirement Assn.* (2020) 58 Cal.App.5th 671, 695 (*Hipsher*); accord, *Wilmot v. Contra Costa County Employees' Retirement Assn.* (2021) 60 Cal.App.5th 631, 661–662 (*Wilmot*).) "By enacting section 7522.72, the Legislature moved to close an egregious loophole that allowed public funds to reward criminality." (*Wilmot*, at p. 662.)

Consistent with this purpose, section 7522.72's partial forfeiture requirement "is triggered only by felonious conduct committed in the scope of a pensioner's public employment (§ 7522.72, subd. (b)(1)) and limited to service time from the date the criminal conduct began (§ 7522.72, subds. (b)(1), (c)(1))." (*Hipsher*, *supra*, 58 Cal.App.5th at p. 693.) Here, Estrada admitted to felonious conduct committed in the scope of her employment for the City when she pled no contest to a felony violation of Penal Code section 502, subdivision (c)(7). As the trial court observed, "[a]llowing [Estrada] to avoid the partial

13

forfeiture of her pension benefits where she admitted felonious conduct in connection with her public employment would be to defeat the legislative purpose of [s]ection 7522.72."

In support of her argument that she was never convicted of a felony, Estrada relies on the nunc pro tunc order issued by the criminal court on August 6, 2019, more than two years after her no contest plea. At that time, following an off-the-record conference, the court stated it was finding "nunc pro tunc that on June 28th, 2017, [Estrada] pleaded to the felony but was not convicted." It has long been recognized, however, " '[t]he function of a *nunc pro tunc* order is merely to correct the record of the judgment and not to alter the judgment actually rendered.' " (*Estate of Eckstrom* (1960) 54 Cal.2d 540, 544.) "A court can always correct a clerical, as distinguished from a judicial error which appears on the face of a decree by a *nunc pro tunc* order. [Citations.] It cannot, however, change an order which has become final even though made in error, if in fact the order made was that intended to be made." (*Ibid*.) "Any attempt by a court, under the guise of correcting clerical error, to 'revise its deliberately exercised judicial discretion' is not permitted." (*In re Candelario* (1970) 3 Cal.3d 702, 705.)

On this record, the August 6, 2019 order was not a proper exercise of the court's authority to correct a clerical error with respect to Estrada's original no contest plea. That order was not based on a finding that, at the June 28, 2017 plea hearing, the court erroneously recorded that Estrada was convicted of felony. Rather, it sought to retroactively modify the record to find that, while Estrada may have pled no contest to a felony on June 28, 2017, she was not actually convicted of a felony at that time. The transcript of the plea hearing, however, contains no

14

such finding by the court or stipulation by the parties, and the court's minute order from the hearing reflects that Estrada was "CONVICTED" of a felony. "An amendment that substantially modifies the original judgment . . . may not be made by the court under its authority to correct clerical error . . . unless the record clearly demonstrates that the error was not the result of the exercise of judicial discretion." (*In re Candelario*, *supra*, 3 Cal.3d at p. 705.) Because the record does not clearly demonstrate that the purported error sought to be corrected by the August 6, 2019 order was a clerical error rather than a judicial error, it did not provide a valid basis for a nunc pro tunc order.

For these reasons, we conclude that, as of June 28, 2017, the date of Estrada's no contest plea, she stood convicted of a job-related felony within the meaning of section 7522.72. Therefore, as of that date, Estrada's retirement benefits were subject to section 7522.72's partial forfeiture requirement.

## IV. Estrada's retirement benefits remained forfeited notwithstanding the reduction of the felony to a misdemeanor and dismissal of the charge

We next consider whether Estrada's retirement benefits remained forfeited under section 7522.72 following the postconviction proceedings, in which her felony conviction was reduced to a misdemeanor and then dismissed. The answer to this question can be found in the express language of section 7522.72, subdivision (c)(1), which states that the employee's "rights and benefits shall remain forfeited notwithstanding any reduction in sentence or expungement of the conviction following the date of the member's conviction."

On January 3, 2018, Estrada's felony conviction was reduced to a misdemeanor under Penal Code section 17,

15

subdivision (b).  Where, as here, the defendant has pled guilty or no contest to a wobbler offense, Penal Code section 17, subdivision (b), specifies the circumstances under which the offense may be reduced from a felony to a misdemeanor.  (*Park*, *supra*, 56 Cal.4th at p. 790.)  As relevant here, a wobbler is reduced to a misdemeanor when "the court grants probation to a defendant and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor," or when "the prosecuting attorney files . . . a complaint specifying that the offense is a misdemeanor."  (Pen. Code, § 17, subd. (b)(3), (b)(4).)  When a wobbler is reduced to a misdemeanor under the procedures set forth in Penal Code section 17, subdivision (b), "the statute generally has been construed in accordance with its plain language to mean that the offense is a misdemeanor 'for all purposes.' "  (*Park*, at p. 793.)

As our Supreme Court has recognized, the provisions of Penal Code section 17, subdivision (b), "are not necessarily conclusive, however, and the Legislature sometimes has explicitly made clear its intent to treat a wobbler as a felony for specified purposes notwithstanding a court's exercise of discretion to reduce the offense to a misdemeanor."  (*Park*, *supra*, 56 Cal.4th at p. 794.)  For instance, under Business and Professions Code section 6102, subdivision (b), an attorney who is convicted of a felony is subject to immediate suspension from the practice of law, "irrespective of whether in a particular case the crime may be considered a misdemeanor as a result of postconviction proceedings."  Similarly, for purposes of the "Three Strikes" law, the determination whether a prior conviction qualifies as a strike is based "upon the date of that prior conviction and is not affected

16

by the sentence imposed unless the sentence automatically, upon the initial sentencing, converts the felony to a misdemeanor." (Pen. Code, §§ 667, subd. (d)(1), 1170.12, subd. (b)(1).)

In enacting section 7522.72, the Legislature explicitly provided that it intended for a felony conviction that is later reduced to a misdemeanor in a postconviction proceeding to be treated as a felony for purposes of determining the forfeiture of a convicted employee's retirement benefits. Section 7522.72 thus provides that a member convicted of a job-related felony "shall forfeit all the rights and benefits earned or accrued" from the earliest date of the commission of the felony through the date of the conviction, and that "[t]he rights and benefits shall remain forfeited notwithstanding any reduction in sentence . . . following the date of the member's conviction." (§ 7522.72, subd. (c)(1).)

While Estrada claims that her conviction was not reduced to a misdemeanor under Penal Code section 17, the record shows otherwise. Both the transcript of Estrada's January 3, 2018 sentencing hearing and the court's minute order from the hearing reflect that the prosecutor expressly moved to reduce count 3 from a felony to a misdemeanor under Penal Code section 17, subdivision (b), because Estrada had complied with the terms of her plea agreement by paying restitution to the City. After granting that motion, the court allowed Estrada to withdraw her plea to count 3 as a felony and to enter a plea of no contest to that count as a misdemeanor. The court then sentenced Estrada on the misdemeanor to one year of probation. However, as mandated by section 7522.72, subdivision (c)(1), the reduction of Estrada's conviction from a felony to a misdemeanor had no legal effect on the forfeiture of her retirement benefits.

17

Likewise, the March 5, 2019 dismissal of the criminal charge against Estrada under Penal Code section 1203.4 did not relieve her of the civil consequences of section 7522.72. Penal Code section 1203.4, subdivision (a), allows for defendants who have successfully completed probation to have their convictions set aside and the accusations against them dismissed, and subject to certain specified exceptions, releases such defendants "from all penalties and disabilities resulting from the offense of which they have been convicted." Although the relief provided by the statute is sometimes referred to as expungement, Penal Code section 1203.4 " 'does not, properly speaking, "expunge" the prior conviction. The statute does not purport to render the conviction a legal nullity.' " (*People v. Vasquez* (2001) 25 Cal.4th 1225, 1230.) Moreover, the " 'penalties and disabilities' " from which a defendant may be released under Penal Code section 1203.4 "do not include nonpenal restrictions or qualifications imposed for public protection." (*People v. Vasquez*, at p. 1230.)

Section 7522.72 defines that, like a felony conviction that is later reduced to a misdemeanor, the Legislature intended for a conviction that is dismissed under Penal Code section 1203.4 to be still treated as a conviction for purposes of forfeiture. Section 7522.72 provides that, once a member's rights and benefits in the retirement system are forfeited as a result of a felony conviction, the "rights and benefits shall remain forfeited notwithstanding any . . . expungement of the conviction following the date of the member's conviction." (§ 7522.72, subd. (c)(1).) Additionally, the statute precludes an employee who has been convicted of a job-related felony from recovering any forfeited benefits unless the "conviction is reversed and that decision is final." (*Id*., subd. (h).)

18

"A reversal of a conviction places the parties in the trial court in the same position as if the case had never been tried." (*People v. Morrison* (1980) 109 Cal.App.3d 378, 382.) In contrast, "dismissal under [Penal Code] section 1203.4 does not erase a conviction; it 'merely frees the convicted felon from certain "penalties and disabilities" of a criminal or like nature.'" (*People v. Chavez* (2016) 5 Cal.App.5th 110, 116.) Here, the charge against Estrada was dismissed under Penal Code section 1203.4 after she successfully completed probation. While the dismissal relieved her of certain criminal "'penalties and disabilities,'" it did not reverse her conviction or render it a legal nullity. (*People v. Vasquez, supra*, 25 Cal.4th at p. 1230.) The relief that Estrada obtained under Penal Code section 1203.4 therefore did not affect the forfeiture of her retirement benefits under section 7522.72.

Our conclusion in this case is further supported by *Danser v. Public Employees' Retirement System* (2015) 240 Cal.App.4th 885 (*Danser*), in which the Court of Appeal considered section 75526,[2] a benefit forfeiture statute applicable to judges. In *Danser*, a superior court judge was convicted of a felony count of conspiring to obstruct justice. (*Id.* at p. 889.) The trial court suspended imposition of the sentence and placed the judge on

---

[2] Section 75526 provides that "[a] judge who pleads guilty or no contest or is found guilty of a crime committed while holding judicial office that is punishable as a felony under California or federal law and which either involves moral turpitude under that law or was committed in the course and scope of performing the judge's duties, and the conviction becomes final shall not receive any benefits from the system, except that the amount of his or her contributions to the system shall be paid to him or her by the system."

19

probation.  (*Ibid*.)  After the conviction was affirmed on appeal, the trial court terminated probation, reduced the conviction to a misdemeanor under Penal Code section 17, subdivision (b), and dismissed the charges under Penal Code section 1203.4.  (*Danser*, at pp. 889–890.)  CalPERS nevertheless determined that, due to the judge's conviction, his retirement benefits remained forfeited under section 75526.  (*Danser*, at p. 890.)  The judge challenged the forfeiture decision in a petition for writ of administrative mandate, and the trial court denied the petition.  (*Ibid*.)  The Court of Appeal affirmed.  (*Id*. at p. 895.)

In concluding that the judge's retirement benefits were subject to forfeiture under section 75526, the Court of Appeal rejected his argument that he was not convicted of a felony because his conviction was reduced to a misdemeanor under Penal Code section 17, subdivision (b).  (*Danser*, *supra*, 240 Cal.App.4th at pp. 893–894.)  The *Danser* court explained: "[S]ection 75526 is not concerned with the actual punishment a judge has received or will receive.  It is only concerned with whether the judge was found guilty of an offense 'punishable' as a felony, and whether that finding of guilt is final."  (*Id*. at p. 894.)  Because section 75526's forfeiture requirement was triggered when the judge's felony conviction was affirmed on appeal, his retirement benefits remained forfeited even after his conviction was reduced from a felony to a misdemeanor.  (*Danser*, at p. 894.)

The *Danser* court likewise rejected the judge's argument that he was not convicted of a felony because the charges were dismissed under Penal Code section 1203.4.  (*Danser*, *supra*, 240 Cal.App.4th at pp. 894–895.)  The court reasoned:  "Section 75526 is designed to protect the public by requiring civil consequences under circumstances such as those presented in

this case.  The dismissal of the case . . . did not erase the fact that a jury found Danser guilty of a crime punishable as a felony, and it did not alter the civil consequences flowing from the jury's verdict . . . ."  (*Id.* at p. 895.)  As the court observed, "Penal Code section 1203.4 'was never intended to obliterate the fact that defendant has been "finally adjudged guilty of a crime." ' "  (*Ibid.*)

The same reasoning applies in this case.  Estrada was convicted of a job-related felony on June 28, 2017, when she pled no contest to the felony and was found guilty of that offense.  As of that date, section 7522.72's partial forfeiture requirement was triggered.  Like the forfeiture statute at issue in *Danser*, section 7522.72 is not concerned with the actual punishment that a convicted employee has received or will receive.  Rather, section 7522.72 provides that postconviction relief in the form of a reduction in sentence or expungement of the conviction has no legal effect on forfeiture.  (§ 7522.72, subd. (c)(1).)  Under these circumstances, once Estrada stood convicted of a job-related felony on June 28, 2017, her retirement benefits became subject to forfeiture under section 7522.72, and they remained forfeited notwithstanding the postconviction relief that she later obtained.

Lastly, Estrada asserts that section 7522.72 is unconstitutional, but she fails to present any cognizable argument or legal authority to support her claim.  As a general rule, " '[w]hen an appellant raises an issue "but fails to support it with reasoned argument and citations to authority, we treat the point as waived." ' "  (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277.)  In any event, two recent court of appeal decisions considered the constitutionality of section 7522.72, and in a well-reasoned analysis, each held that the statute does not unconstitutionally infringe on a public

21

employee's protected pension rights. (*Wilmot*, *supra*, 60 Cal.App.5th at pp. 660–664; *Hipsher*, *supra*, 58 Cal.App.5th at pp. 691–696.)  Estrada's constitutional claim accordingly fails.

## DISPOSITION

The order denying the petition for writ of administrative mandate is affirmed.  CalPERS shall recover its costs on appeal.

VIRAMONTES, J.

WE CONCUR:

GRIMES, Acting P. J.

WILEY, J.