Filed 10/31/24

CERTIFIED FOR PUBLICATION


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT


| | |
|---|---|
| CRISTIAN OMAR MARTINEZ, | H050489 |
| Petitioner, | (Santa Clara County Super. Ct. No. CC815316) |
| v. | |
| THE SUPERIOR COURT OF SANTA CLARA COUNTY, | |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

Cristian[1] Omar Martinez successfully moved to vacate his conviction and withdraw his plea pursuant to Penal Code section 1473.7.[2]  He now appeals after the trial court denied his subsequent motion under section 1473.7 to dismiss the charges against him.

On appeal, Martinez argues that section 1473.7 does not permit the trial court to reinstate the original charges against him and that reinstatement of the charges violates

_____

[1] In some parts of the record, Martinez's given name is spelled "Christian," but we adopt the spelling used by Martinez's counsel, i.e., "Cristian."  That is also the spelling that appears most frequently in the record.

[2] Unspecified statutory references are to the Penal Code.

the double jeopardy clause of the Fifth Amendment.  In opposition, the Attorney General argues: (1) the order denying Martinez's motion to dismiss is not appealable and this court should therefore dismiss the appeal, and (2) the trial court did not err in denying the motion to dismiss the charges against Martinez.

Following oral argument, we requested supplemental briefing on the following issues: 1) Assuming the order denying Martinez's motion to dismiss the information pursuant to section 1473.7 is not an appealable order, should this court nevertheless exercise its discretion to treat the purported appeal as a petition for writ of mandate; 2) does the prior dismissal of the charges pursuant to section 1203.4 preclude the refiling of the information once a defendant obtains relief under section 1473.7; and 3) if the information may be refiled, may the People reinstate the original charges as felonies despite their prior reduction to misdemeanors pursuant to section 17, subdivision (b)?

As we explain below, although we agree with the Attorney General that the instant order is not appealable, the substantive merits have "been thoroughly briefed and argued," therefore it would be " ' "unnecessarily dilatory and circuitous" ' " to "dismiss the appeal rather than exercising our power to reach the merits through a mandate proceeding." (*Olson v. Cory* (1983) 35 Cal.3d 390, 401 (*Olson*); see also *Shrewsbury Management, Inc. v. Superior Court* (2019) 32 Cal.App.5th 1213, 1221–1222 (*Shrewsbury*).)  Having examined the merits, we conclude that the order was properly denied and will deny the petition for writ of mandate.  Upon issuance of the remittitur, the parties will proceed on the reinstated information.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

### A. Procedural background

On April 9, 2009, the Santa Clara County District Attorney filed an information charging Martinez with one felony count of inflicting corporal injury on the mother of his child (§ 273.5, subd. (a), count 1), one felony count of unlawful sexual intercourse with a

2

minor (§ 261.5, subd. (c), count 2), and one misdemeanor count of unlawful removal or damage to a wireless communication device (§ 591.5, count 3). In connection with count 1, the information further alleged that Martinez personally inflicted great bodily injury on the victim, within the meaning of sections 12022.7, subdivision (e) and 1203, subdivision (e)(3).

On June 10, 2009, Martinez entered into a plea agreement and pleaded no contest to all three counts in exchange for dismissal of the great bodily injury enhancement as well as a sentence not to exceed two years. At sentencing, the trial court suspended imposition of sentence and placed Martinez on formal probation for three years with conditions, including that he serves a sentence of one year in county jail.

In 2016, after completing probation, Martinez moved to reduce his felony charges and clear his record pursuant to sections 17 and 1203.4. The trial court granted the motion.

On December 17, 2021, Martinez filed a motion to withdraw his guilty plea pursuant to section 1473.7, subdivision (a)(1). On April 27, 2022, the trial court granted the motion, set aside Martinez's plea, and ordered that the original information be reinstated.

On June 28, 2022, Martinez filed a motion pursuant to sections 1473.7 and 1385, seeking dismissal of the information. The trial court denied the motion finding that section 1473.7 did "not provide for dismissal" after a plea is set aside. The court explained that it would not "legislate … [by] read[ing] into the statute something that is not there."

3

***B. Factual background***[3]

At the April 1, 2009 preliminary examination, E.S.[4] testified that she was born on September 15, 1989, and began dating Martinez when she was 15 years old. She and Martinez lived together, along with Martinez's mother, and had a two-year-old daughter.

On August 13, 2008, E.S. got into an argument with Martinez when he came home drunk and without the baby food, she had earlier asked him to buy for their daughter. Martinez got angry, seized E.S. by the throat, and pushed her up against the wall. E.S. was holding their daughter at the time.

Martinez let go and E.S. went into the living room, still carrying their daughter. Martinez followed her and, as E.S. started to put clothes on their child, he asked her where she was going. Martinez told E.S. he would not let her leave the house. E.S. had her phone in her hand to call someone to pick her up, but Martinez grabbed the phone from her and threw it to the floor, breaking it. Martinez told E.S. that he could kill her and "no one would ever find out."

Martinez's mother took the baby from E.S. and walked outside as E.S. and Martinez continued to argue. Martinez started hitting himself against the wall in order to make it appear that E.S. had hit him, telling E.S., " 'I'm not the only one going to jail.' "

Despite Martinez blocking the door, E.S. was able to escape when Martinez's mother opened the door from the outside. As E.S. ran outside, Martinez pulled on her hair or pushed her and she fell down the front steps, breaking her foot.

---

[3] Because Martinez pleaded to the charges before trial, we derive the facts from the evidence presented at the preliminary examination.

[4] We refer to the victim in the proceedings by her initials only to protect personal privacy interests. (Cal. Rules of Court, rule 8.90(b)(1) & (4).)

4

## II.    DISCUSSION

### A. *Appealability*

The Attorney General argues that this appeal is not allowed under either section 1237, subdivision (b), which authorizes an appeal from "an order after judgment affecting the substantial rights of a party" or under section 1473.7, subdivision (f), which authorizes an appeal from a denial of a motion to vacate. In his reply, Martinez counters that his appeal is founded on section 1473.7, subdivision (f)'s direction that "[a]n order granting or denying the motion is appealable under subdivision (b) of Section 1237 as an order after judgment affecting the substantial rights of a party." As discussed below, we agree with the Attorney General that the order in question is not appealable, principally because section 1473.7 does not provide a basis for the relief Martinez was seeking.[5]

#### 1. Legal principles

" 'A reviewing court has jurisdiction over a direct appeal only when there is (1) an appealable order or (2) an appealable judgment.' [Citation.] Whether a trial court's order is appealable is determined by statute. [Citation.]" (*Reyes v. Kruger* (2020) 55

---

[5] Penal Code section 1473.7 provides in pertinent part: "(a) A person who is no longer in criminal custody may file a motion to vacate a conviction or sentence for any of the following reasons: [¶] (1) The conviction or sentence is legally invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a conviction or sentence. …. [¶¶] (e) When ruling on the motion: [¶] (1) The court shall grant the motion to vacate the conviction or sentence if the moving party establishes, by a preponderance of the evidence, the existence of any of the grounds for relief specified in subdivision (a). For a motion made pursuant to paragraph (1) of subdivision (a), the moving party shall also establish that the conviction or sentence being challenged is currently causing or has the potential to cause removal or the denial of an application for an immigration benefit, lawful status, or naturalization. [¶¶] (3) If the court grants the motion to vacate a conviction or sentence obtained through a plea of guilty or nolo contendere, the court shall allow the moving party to withdraw the plea. [¶¶] (f) An order granting or denying the motion is appealable under subdivision (b) of Section 1237 as an order after judgment affecting the substantial rights of a party."

5

Cal.App.5th 58, 67. "Absent a basis for exercising jurisdiction, we have no choice but to dismiss the appeal. [Citations.]" (*Katzenstein v. Chabad of Poway* (2015) 237 Cal.App.4th 759, 769.)

To determine whether the trial court's order is appealable, we must interpret section 1473.7, subdivision (f). In interpreting the language of a statute, the principles of statutory construction are well established. " ' " 'Our task is to discern the Legislature's intent. The statutory language itself is the most reliable indicator, so we start with the statute's words, assigning them their usual and ordinary meanings, and construing them in context. If the words themselves are not ambiguous, we presume the Legislature meant what it said, and the statute's plain meaning governs. On the other hand, if the language allows more than one reasonable construction, we may look to such aids as the legislative history of the measure and maxims of statutory construction. In cases of uncertain meaning, we may also consider the consequences of a particular interpretation, including its impact on public policy." [Citation.] " 'If possible, significance should be given to every word, phrase, sentence and part of an act in pursuance of the legislative purpose.' [Citation.] ... '[A] construction making some words surplusage is to be avoided.' [Citation.] 'When used in a statute [words] must be construed in context, keeping in mind the nature and obvious purpose of the statute where they appear.' [Citations.] Moreover, the various parts of a statutory enactment must be harmonized by considering the particular clause or section in the context of the statutory framework as a whole." ' " (*DeNike v. Mathew Enterprise, Inc.* (2022) 76 Cal.App.5th 371, 378.)

Of further relevance to this case, " ' "[w]here the words of the statute are clear, we may not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history." ' [Citation.] '[W]e must be careful not to add

6

requirements to those already supplied by the Legislature.' [Citations.]" (*Ennabe v. Manosa* (2014) 58 Cal.4th 697, 719.)

We review the interpretation of a statute de novo. (*City of Saratoga v. Hinz* (2004) 115 Cal.App.4th 1202, 1212, citing *People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432.)

### *2. Analysis*

We first explain why the trial court's denial of Martinez's motion to dismiss the charges, ostensibly made pursuant to section 1473.7, is not appealable under subdivision (f) of that statute. Section 1473.7, subdivision (f) states "An order granting or denying the motion is appealable under subdivision (b) of Section 1237 as an order after judgment affecting the substantial rights of a party." It is clear that what is appealable under this subdivision is "[a]n order granting or denying *the motion*." Since nothing in the statute says otherwise, "the motion" in question must be that authorized by section 1473.7 itself, i.e., a "motion to vacate a conviction or sentence for … the following reason[]: (1) The conviction or sentence is legally invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a conviction or sentence." (§ 1473.7, subd. (a).)

That is not the order that Martinez is seeking to appeal. His motion to set aside his plea and vacate his conviction pursuant to section 1473.7 was granted by the court on April 27, 2022 and Martinez, having obtained the relief he sought, is not appealing from that order. Instead, Martinez purports to appeal from the order denying his *subsequent* motion to *dismiss* the original charges, despite the fact that section 1473.7 provides no basis for granting that relief and which we discuss in more detail below.

Next, we briefly explain why Martinez may not base his appeal on section 1237, subdivision (b) which provides: "An appeal may be taken by the defendant … [¶¶] [f]rom

7

any order made *after judgment*, affecting the substantial rights of the party." (Italics added.) Since Martinez has successfully vacated his conviction and withdrawn his plea, there is no longer a judgment in this case. The subsequent order denying his motion to dismiss the information is not an "order made after judgment" and is thus not appealable under section 1237, subdivision (b).

*People v. Vaca* (2023) 89 Cal.App.5th 1113 (*Vaca*) considered the appealability of an order denying the defendant's motion to dismiss the charges against him under section 1473.7. The court found the order was appealable under section 1237, subdivision (b), noting the Attorney General's concession that denying the motion to dismiss affected defendant's "substantial rights." (*Vaca*, *supra*, at pp. 1116–1117.) The *Vaca* court rejected the Attorney General's argument that the underlying order denying the defendant's motion to dismiss was not made after judgment, pointing out that the trial court "made the rulings granting the motion to vacate and denying the motion to dismiss under section 1473.7 *contemporaneously*." (*Id.* at p. 1117, italics added.) Unlike the defendant in *Vaca*, Martinez's motion to vacate his sentence under section 1473.7 and his motion to dismiss the information under that same statute were not brought at the same time. Martinez moved to dismiss the information approximately two months *after* the court granted his section 1473.7 motion to vacate. On this basis alone, we find *Vaca* distinguishable and conclude that the order denying Martinez's motion to dismiss is not appealable.

### B. Availability of mandamus relief

In response to our request for supplemental briefing on this issue, Martinez argues that this court should exercise its discretion to treat the appeal as a petition for writ of mandate, because it would be a waste of judicial resources to send the matter back to the trial court for further proceedings. (*Olson, supra,* 35 Cal.3d 390, 401.) The Attorney General contends that this case does not present the extraordinary circumstances that

8

would justify exercising our discretion to treat the appeal as a petition for writ of mandate. (*Wells Properties v. Popkin* (1992) 9 Cal.App.4th 1053, 1055.) In the Attorney General's view, because there is no longer a final judgment, further trial proceedings will be necessary to resolve the charges against Martinez.

We think Martinez has the better argument. The substantive merits of the matter have "been thoroughly briefed and argued," thus it would be " ' "unnecessarily dilatory and circuitous" ' " to "dismiss the appeal rather than exercising our power to reach the merits through a mandate proceeding." (*Olson, supra,* 35 Cal.3d 390, 401; see also *Shrewsbury Management, Inc., supra,* 32 Cal.App.5th 1213, 1221–1222.) We now turn to the question of whether Martinez is entitled to the relief he sought below, i.e., an order dismissing the reinstated charges.

### C. Section 1473.7 does not provide for dismissal of an information

Martinez argues that it is inconsistent with the "intended purpose" of section 1473.7 to allow for reinstatement of the original charges against a defendant who successfully moved to vacate their conviction under that statute. The Attorney General contends that the language of the statute does not provide for the relief Martinez seeks and that, upon the withdrawal of Martinez's plea following the vacatur of his conviction, the parties are restored to the status quo ante. We conclude that section 1473.7 does not mandate dismissal of refiled charges.

Under section 1473.7, a person who is no longer in criminal custody may move to vacate a conviction or sentence under certain circumstances, including on the basis that "[t]he conviction or sentence is legally invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a conviction or sentence." (§ 1473.7, subd. (a)(1).) "When ruling on a motion under paragraph (1) of subdivision (a), the only finding that the court is required to make is whether the conviction is legally

9

invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a conviction or sentence." (§ 1473.7, subd. (e)(4).) Where the court grants a motion to vacate a conviction or sentence that was "obtained through a plea of guilty or nolo contendere, the court shall allow the moving party to withdraw the plea." (§ 1473.7, subd. (e)(3).)

Martinez's construction of the statute, which relies almost entirely on his parsing of its legislative history, would require us to add language that does not exist, namely that a court, after granting a motion to vacate a conviction under section 1473.7, is further required to dismiss the charges underlying that (now-vacated) conviction.[6] The statute does not say that and it is not appropriate for us to rewrite it so that it does. That power rests entirely with the Legislature, which has already provided specific directions as to what a court *may* do pursuant to section 1473.7, i.e., find a conviction legally invalid (or not) based on the statute's criteria and, where that conviction arose from a plea, allow the moving party to withdraw that plea. (§ 1473.7, subds. (a)(1), (e)(3).) Had the Legislature intended to mandate dismissal of the charges that led to the original plea or prohibit refiling of those charges under section 1473.7, it could have included such language in the statute. Concluding otherwise would run afoul of the principle of statutory construction " 'that every word excluded from a statute must be presumed to have been excluded for a purpose.' " (*Arden Carmichael, Inc. v. County of Sacramento* (2001) 93

---

[6] Martinez cites several cases, including *People v. Prudholme* (2023) 14 Cal.5th 961, *Harris v. Superior Court* (2016) 1 Cal.5th 984, and *People v. Collins* (1978) 21 Cal.3d 208, 214–217 to support his position. None of them involve section 1473.7 or address situations where a defendant has succeeded in vacating a conviction and withdrawing their plea. Consequently, we do not find them relevant or helpful to our analysis.

Cal.App.4th 507, 516, fn. omitted.)  "It is our task to construe, not to amend, the statute. 'In the construction of a statute … the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or omit what has been inserted ….'  [Citation.]  We may not, under the guise of construction, rewrite the law or give the words an effect different from the plain and direct import of the terms used." (*California Fed. Savings & Loan Assn. v. City of Los Angeles* (1995) 11 Cal.4th 342, 349.)  Martinez argues that the legislative histories of Assembly Bill No. 813 (2015–2016 Reg. Sess.), which enacted section 1473.7 (Stats. 2016, ch. 739, § 1), and Assembly Bill No. 2867 (2017–2018 Reg. Sess.), which amended that statute in 2019 (Stats. 2018, ch. 825, § 2), support his position.  In his view, because the Legislature intended "to erase catastrophic immigration consequences and keep immigrant families together," vacating a conviction pursuant to the statute necessarily means that the underlying charges must also be dismissed.  However, although uncodified legislative declarations and findings may aid in construing a statute, they cannot override the clear language of the statute as enacted, and we do not agree that we can read such sweeping judicial power into section 1473.7.  (*People v. Canty* (2004) 32 Cal.4th 1266, 1280.)

To the contrary, our construction of section 1473.7 is entirely consistent with the rationale underlying the statute.  *Vaca* also concluded that section 1473.7 does not require dismissal of charges against a defendant who has successfully moved to vacate their conviction and has withdrawn their plea thereunder.  (*Vaca*, *supra*, 89 Cal.App.5th at p. 1122.)  As noted in *Vaca*, prior to the enactment of section 1473.7, in-custody defendants could seek habeas relief based on counsel's failure to properly advise them of the

11

potential immigration consequences of a plea agreement,[7] but out-of-custody defendants had no such mechanism to obtain relief.  (*Vaca*, *supra*, 89 Cal.App.5th at p. 1121.) Section 1473.7 was enacted to close this gap.  (See *People v. Fryhaat* (2019) 35 Cal.App.5th 969, 976 [discussing legislative purpose of section 1473.7].)

It has long been the law that a defendant who "successfully challenges a guilty plea on appeal ordinarily has the choice on remand of standing on that plea and obtaining the benefits of the original bargain, or of withdrawing the plea and proceeding as though no bargain had ever been made."  (*People v. Aragon* (1992) 11 Cal.App.4th 749, 760 (*Aragon*).)  "[W]hen a defendant successfully withdraws a plea, the case is generally restored to the position it was in before the parties entered into the plea deal, including the revival of any charges dismissed pursuant to the bargain."  (*Vaca, supra*, 89 Cal.App.5th at p. 1120.)  " 'It is a generally accepted principle that in adopting legislation the Legislature is presumed to have had knowledge of existing domestic judicial decisions and to have enacted and amended statutes in the light of such decisions as have a direct bearing upon them.  [Citations.]'  [Citations.]"  (*Estate of McDill* (1975) 14 Cal.3d 831, 839.)  The Legislature's omission of any language in section 1473.7 requiring a court to dismiss the underlying charges after granting a defendant's motion to vacate a conviction, indicates that it did not intend to alter the law described in *Aragon*. (See *People v. Avignone* (2017) 16 Cal.App.5th 1233, 1244 [where defendant withdraws plea, "all original charges and allegations will be reinstated."]; *In re Sutherland* (1972) 6 Cal.3d 666, 672 [where defendant is permitted to withdraw plea, "ends of justice require that the *status quo ante* be restored by reviving the [] dismissed counts."]; *People v.*

---

[7] Habeas corpus relief was based on the United States Supreme Court holding in *Padilla v. Kentucky* (2010) 559 U.S. 356 that the Sixth Amendment requires defense attorneys to adequately explain to their clients "whether [their] plea carries a risk of deportation."  (*Id*. at p. 374.)

*Superior Court (Garcia)* (1982) 131 Cal.App.3d 256, 258–259 (*Garcia*) ["When a defendant withdraws his plea, the prosecutor is no longer bound; counts dismissed may be restored. [Citation.]"].)

As explained above, the purpose of section 1473.7 is to provide those who lacked the sound legal advice necessary to "understand, defend against, or knowingly accept" the collateral immigration consequences of their litigation options (§ 1473.7, subd. (a)(1)) an opportunity to remedy that prejudice by reconsidering those options with the benefit of the advice previously lacking. (*Vaca, supra*, 89 Cal.App.5th at pp. 1121–1122.) Construing the statute to require a court to dismiss pending charges goes well beyond the language of section 1473.7 and its limited purpose of protecting a defendant's constitutional right to make informed decisions about their case, as opposed to immunizing them from the potential immigration consequences arising from their allegedly wrongful conduct.

### D. Section 1203.4 does not bar refiling of the original charges

In his supplemental briefing, Martinez argues that expungement of his conviction under section 1203.4 based on his successful completion of probation means that he was released from "all penalties and disabilities" resulting from that conviction. As a result, the People are precluded, by operation of section 1203.4, from refiling the charges against him.

The Attorney General, in his supplemental brief, notes that section 1203.4 is more limited than Martinez suggests in that it provides post-conviction relief from *certain* penalties and disabilities, but it "does not purport to render the conviction a legal nullity." (*People v. Gross* (2015) 238 Cal.App.4th 1313, 1320.) In the Attorney General's view, section 1473.7 goes further in that it effectively nullifies the conviction as opposed to removing some, but not all, penalties and disabilities associated with that conviction. We agree with the Attorney General that post-conviction relief under section 1203.4 is

limited and does not operate to bar the People from refiling the original charges after a defendant obtains relief under section 1473.7.

Section 1203.4, subdivision (a)(1) states, "When a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, …, the defendant shall, at any time after the termination of the period of probation, if they are not then serving a sentence for an offense, on probation for an offense, or charged with the commission of an offense, be permitted by the court to withdraw their plea of guilty or plea of nolo contendere and enter a plea of not guilty; …, the court shall thereupon dismiss the accusations or information against the defendant and except as noted below the defendant shall thereafter be released from all penalties and disabilities resulting from the offense of which they have been convicted, …."[8]

Section 1203.4 "was never intended to obliterate *the fact* that defendant has been 'finally adjudged guilty of a crime.' [Citation.] It merely frees the convicted felon from certain 'penalties and disabilities' of a criminal or like nature. [Citations.]" (*Adams v. County of Sacramento* (1991) 235 Cal.App.3d 872, 877–878 (*Adams*).)[9]

---

[8] " ' "A grant of relief under section 1203.4 is intended to reward an individual who successfully completes probation by mitigating some of the consequences of his conviction and, with a few exceptions, to restore him to his former status in society to the extent the Legislature has power to do so [citations]." [Citation.]' [Citation.] … 'Removal of the blemish of a criminal record is the reward held out through the provisions of … section 1203.4, as an additional inducement. The obvious purpose is to secure law compliance through an attempt at helpful cooperation rather than by coercion or punishment.' [Citation.]" (*People v. Guillen* (2013) 218 Cal.App.4th 975, 998.)

[9] For example, a conviction set aside under section 1203.4 may still be "proved as a prior conviction to enhance punishment," "as an element in a prosecution for possession of a concealable firearm by a convicted felon," "as a basis for suspending a physician's license [citation] or disbarring an attorney [citation]." (*Adams*, *supra*, 235 Cal.App.3d at p. 878.)

In *People v. Vasquez* (2001) 25 Cal.4th 1225 (*Vasquez*), the California Supreme Court examined whether a conviction that had been vacated pursuant to a Texas statute (Tex. Code Crim. Proc. Ann. Art. article 42.12, § 20 (article 42.12 § 20)) which was analogous to section 1203.4 could still be used to establish that the defendant qualified as a sexually violent predator under California law. (*Vasquez*, at p. 1227.) The Court noted that article 42.12 § 20, like section 1203.4, does not negate the underlying conviction or render it a " 'legal nullity.' " (*Vasquez*, at pp. 1229–1230.) " 'Instead, it provides that, except as elsewhere stated, the defendant is "released from all penalties and disabilities resulting from the offense." *The limitations on this relief are numerous and substantial* . . .' [Citation.]" (*Id*. at p. 1230, italics added.) "Our courts have drawn a distinction between penalties imposed on a felon as further punishment for the crime, as to which vacation under Penal Code section 1203.4 generally affords relief, and *nonpenal restrictions adopted for protection of public safety and welfare*." (*Vasquez*, *supra*, 25 Cal.4th at p. 1230, italics added.) The Court concluded that the conviction could be utilized to establish that the defendant was a sexually violent predator, stating "SVPA commitment has this in common with professional license loss or denial following felony conviction: both types of measures seek to protect others from the possibility of the felon's or former felon's future harmful conduct, rather than to punish him or her for past crimes. Neither consequence, therefore, comes within the provisions for mitigation of punishment offered by article 42.12(20) and Penal Code section 1203.4." (*Vasquez*, at p. 1233.)

Thus, while section 1203.4 could potentially protect Martinez from being further punished for his crime(s), it would not and did not protect him from the "nonpenal restrictions" that flow from a conviction, such as possible removal from the country.

(*Vasquez*, *supra*, at p. 1230.)[10]  It is well-settled that "[a] deportation proceeding is a purely civil action to determine eligibility to remain in this country[] … ."  (*Immigration & Naturalization Service v. Lopez-Mendoza* (1984) 468 U.S. 1032, 1038.)  Assuming Martinez is ultimately convicted of a deportable offense, section 1203.4 affords him no relief from that consequence.

As discussed above, section 1473.7 provides relief only when a defendant, who is no longer in custody, has shown that their "conviction or sentence is legally invalid due to prejudicial error damaging [their] ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a conviction or sentence."  (*Id.* at subd. (a)(1).)  It does not purport to immunize a defendant from those consequences but cures the error by giving them the opportunity to make informed decisions about the charges brought against them.  Therefore, the fact that Martinez successfully completed probation and obtained relief under section 1203.4 does not preclude the People from refiling the original charges now that he has withdrawn his plea pursuant to section 1473.7.  We express no opinion on what sentence may be imposed below in the event Martinez is convicted on any refiled charges.

### E. The original charges may be refiled as felonies

In response to our request for supplemental briefing on the impact of section 17, subdivision (b), Martinez argues that in *People v. Park* (2013) 56 Cal.4th 782, the California Supreme Court held that when a court has granted relief under section 17, subdivision (b), the offense is "deemed a 'misdemeanor for all purposes;' except when

---

[10] Martinez argues that the People are not deprived of the benefit of their bargain since he has already served the sentence imposed in accordance with the (now-withdrawn) plea agreement.  However, even if the state's interest in the *penal* consequences of Martinez's offenses could be deemed satisfied, the state may have an interest in ensuring that Martinez remains subject to certain *collateral* consequences of those offenses, including but not limited to Martinez's possible deportation.

16

the Legislature has specifically directed otherwise." (*Id*. at p. 795.) In Martinez's view, nothing in section 1473.7 allows the court or the People to reinstate the charges as felonies and finding otherwise would undermine the legislative purpose of section 17, subdivision (b).

The Attorney General counters that, under section 17, subdivision (b), the trial judge can only decide whether a wobbler is a felony or a misdemeanor at sentencing, i.e., after the defendant's guilt has been determined. Because Martinez's conviction was vacated pursuant to section 1473.7, that conviction has been nullified and it is as if it never occurred. Consequently, the People are not barred from refiling the charges as felonies if warranted.

We agree with the Attorney General. Having withdrawn his plea, as Martinez was permitted to do under section 1473.7, the parties are considered to be restored to their original position for charging purposes. Had the Legislature intended a different result, it would have included such a limitation in section 1473.7. Consequently, the charges may be refiled as felonies and the parties can proceed accordingly.

### F. Double jeopardy does not bar further proceedings on the underlying charges

Finally, we reject Martinez's contention that permitting the original charges to be reinstated against him violates the prohibition against placing him twice in jeopardy. The Attorney General initially argues that Martinez has forfeited this argument by failing to raise it below and further argues that double jeopardy does not apply under these circumstances. We do not reach the Attorney General's forfeiture argument but agree that double jeopardy is inapplicable given that Martinez has withdrawn from the plea agreement.

" '[T]he Double Jeopardy Clause's general prohibition against successive prosecutions does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside . . . because of some error in the proceedings leading

17

to conviction.' " (*People v. Santamaria* (1994) 8 Cal.4th 903, 910–911 (*Santamaria*), quoting *Lockhart v. Nelson* (1988) 488 U.S. 33, 38.)  Under those circumstances, permitting the matter to again proceed to trial " 'is not an act of governmental oppression of the sort against which the Double Jeopardy Clause was intended to protect.' " (*Santamaria*, at p. 911, quoting *United States v. Scott* (1978) 437 U.S. 82, 91.)  With the original charges resurrected by withdrawal of his plea, Martinez fears more severe potential punishment than he has already served, if he should again be convicted.  (See *People v. Henderson* (1963) 60 Cal.2d 482, 495–497; *People v. Ali* (1967) 66 Cal.2d 277, 281–282.)  But "a defendant [who] 'seeks to withdraw a guilty plea or repudiate a plea bargain,' " unlike a defendant who successfully appeals a criminal conviction, is not protected by the California Constitution from the imposition of more severe punishment. (*People v. Flores* (2022) 77 Cal.App.5th 420, 450, fn. 15; see also *Alabama v. Smith* (1989) 490 U.S. 794, 795, 799 [holding that "no presumption of vindictiveness arises when the first sentence was based upon a guilty plea, and the second sentence follows a trial," absent circumstances showing a " 'reasonable likelihood' " of actual vindictiveness by sentencing authority].)  "[T]he double jeopardy clause forbids the imposition of a more severe penalty on *retrial*.  [¶] … What defendant faces here as a result of his choice to withdraw his [no contest] plea is allowed by both the California and United States Constitutions: single jeopardy." (*Garcia*, *supra,* 131 Cal.App.3d 256, 260.)  And at this stage of the proceedings, whether the state may seek additional punishment is not before us—we are reviewing the denial of a dismissal order under section 1473.7.  Double jeopardy concerns accordingly do not influence our interpretation of section 1473.7.

### III.   DISPOSITION

The appeal is treated as a petition for writ of mandate, and the petition is denied. Upon issuance of the remittitur, the parties shall proceed on the reinstated information.

_____
WILSON, J.

WE CONCUR:


_____
BAMATTRE-MANOUKIAN, ACTING P. J.




_____
GROVER, J.

H050489
*Martinez v. The Superior Court of Santa Clara County*

| Trial Court: | Santa Clara County |
| --- | --- |
| Trial Judge: | The Honorable Jessica M. Delgado |
| Counsel: | Law Offices of Michael Poole and Michael Poole, for Petitioner |
| | No appearance for Respondent. |
| | Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Rama R. Maline, Deputy Attorneys General, for Real Party in Interest. |

H050489
*Martinez v. The Superior Court of Santa Clara County*